**PHARMAKINETICS LABORATORIES, INC., Appellant,**

v.

**Ben KATZ, Appellee.**

**No. 04–86–00066–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 29, 1986.

Charles B. Gorham, San Antonio, for appellant.

Bernie Martinez, San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal by writ of error from a default judgment entered in favor of appellee, Ben Katz (Katz), against appellant, Pharmakinetics Laboratories, Inc. (Pharmakinetics). The pertinent facts are as follows:

On August 29, 1985, Katz sued Pharmakinetics for damages, attorney's fees and costs which resulted from a breach of a real estate lease. Katz maintained Pharmakinetics failed to pay rent and damaged the leased premises.

On September 3, 1985, citation and a copy of plaintiff's original petition were mailed by certified mail return receipt requested to Pharmakinetics by the District Clerk. The citation was directed to:

"Pharmakinetics Laboratories, Inc., may be served by serving its president, Mr. Steve Woodman, at Pharmakinetics Laboratories, Inc., 104 East 25th Street, Baltimore, Maryland 21218."

A domestic return receipt reveals service was addressed to:

Pharmakinetics Laboratories, Inc.
c/o Mr. Steve Woodman
104 East 25th Street
Baltimore, Maryland 21218

According to plaintiff's (Katz) original petition, the aforementioned address is proper for service of citation, and Steve Woodman is the president of Pharmakinetics. However, the date of delivery is listed on the return receipt as September 6, 1985, with "Charlotte Young" signing for purposes of delivery in the capacity of "addressee."

On October 2, 1985, Katz filed a motion for default judgment based on Pharmakinetic's failure to answer before September 30, 1985. The sheriff's return of service

had been on file for the required time pursuant to TEX.R.CIV.P. 107.

On October 2, 1985, the trial court rendered a default judgment in favor of Katz in the amount of SEVENTEEN THOUSAND TWO HUNDRED TWO AND 25/100 DOLLARS ($17,202.25) in damages; ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500.00) in attorney's fees; and court costs.

On January 21, 1986, Pharmakinetics delivered its written request to prepare a statement of fact to Doyle Gandy, official court reporter of the 45th Judicial District Court of Bexar County. A cash deposit of ONE THOUSAND AND NO/100 DOLLARS ($1,000.00) in lieu of an appeal bond was made by Pharmakinetics. Pharmakinetics also filed its petition for writ of error to this court. An affidavit by court reporter Gandy, subsequently filed in this court, reveals that no record was made of the default judgment hearing.

Pharmakinetics brings two points of error to this Court:

1) The trial court erred in rendering a default judgment against Pharmakinetics because it did not have jurisdiction over its person.

2) This case must be remanded for a new trial because no record was made of the evidence in the trial court.

We agree with Pharmakinetics on both points and reverse the default judgment of the trial court.

■ A mistake in stating the defendant's name in the citation has been consistently held to be fatally defective. *Southern Pacific Co. v. Block,* 84 Tex. 21, 19 S.W. 300, 301 (Tex.1892); *Fleming v. Hernden,* 564 S.W.2d 157, 158–59 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). The same rule applies in the case at bar where the citation states one name, but the same was mailed to and served on a person with a different name. *Mega v. Anglo Iron & Metal Co. of Harlingen,* 601 S.W.2d 501, 504 (Tex.Civ. App.—Corpus Christi 1980, no writ).

■ At bar, the domestic return receipt is signed by Charlotte Young while the name of the appointee designated to receive service for defendant is listed as Steve Woodman. This discrepancy renders invalid the service of process on Pharmakinetics since the record shows on its face that the return was not signed by the person appointed. It should be noted that when serving an agent for a corporation or other entity, the citation must affirmatively show that the individual served is in fact the agent for service. Keltner & Burke, *Protecting the Record for Appeal: A Reference Guide in Texas Civil Cases,* 17 St. Mary's L.J. 273, 302–03 (1986). Like the appellant in *Mega,* Pharmakinetics did not file a waiver of service of process or participate in the trial court prior to the rendition of judgment. It was incumbent on Katz to show that the trial court acquired jurisdiction of the person of petition by means of valid issuance of citation, service and return. *Mega,* 601 S.W.2d at 504.

■ When a default judgment is directly attacked by writ of error, it is essential that there be a strict compliance with the Texas Rules of Civil Procedure regarding the issuance of citation, the manner and mode of service and the return of process. *McKanna v. Edgar,* 388 S.W.2d 927, 928–29 (Tex.1965). Failure to show affirmatively a strict compliance with the pertinent Rules of Civil Procedure will render the attempted service of process invalid. *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex.App. —Houston [14th Dist.] 1983, writ ref'd n.r. e.). Accordingly, we hold that the trial court had no *in personam* jurisdiction over Pharmakinetics and the trial court's judgment is void. *Mega,* 601 S.W.2d at 504. We sustain Pharmakinetic's first point of error.

We also sustain Pharmakinetics second point of error.

We accept as correct Pharmakinetics statement in its appellant's brief that no record was made of the default judgment hearing. Katz has filed no brief with this court and has therefore failed to challenge this statement. TEX.R.CIV.P. 419. Nor has Katz challenged the court reporter's affidavit contained in the record before us.

If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way. *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex.1972); *Goodman v. Goodman*, 611 S.W.2d 738, 738 (Tex.Civ. App.—San Antonio 1981, no writ). If no record is made of the evidentiary proceedings regarding damages, a new trial may be necessary to preserve the defendant's right to appellate review.

Keltner, *supra* at 303–04. It is uncontroverted that Pharmakinetics was unable to obtain a statement of facts because no court reporter was present at the hearing on the default judgment. Pharmakinetics exercised due diligence by requesting a complete statement of facts after being notified of the default judgment and through no fault of its own is unable to obtain a proper record. We hold that the lack of a record deprives Pharmakinetics of its right to an adequate review of the evidence.

Accordingly, we reverse the default judgment rendered by the trial court and remand this cause for a new trial consistent with this opinion.