**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,**
Appellant,

v.

**The STATE of Texas, Appellee.**

Nos. C14–87–429–CR, C14–87–430–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 24, 1988.

G. Pat Monks, Dallas, for appellant.

John B. Holmes, Jr., Don J. Clemmer, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is a consolidated appeal by writ of error from two default judgments entered against Appellant for forfeiture of two bail bonds executed by Appellant. The bonds insured the appearance of Mary Elizabeth Ganus, a/k/a Mary Ganus, to answer criminal charges pending against her in the Harris County Criminal Court at Law. No. 3. We reverse the judgment.

In a single point of error, Appellant asserts that the trial court erred in rendering the default judgments because Appellant was not properly served with citation, therefore the trial court lacked personal jurisdiction over Appellant.

When appeal is brought by writ of error, the error which invalidates the trial court's judgment must appear on the face of the record. *Humphrey Co., Inc. v. Lowry Water Wells*, 709 S.W.2d 310, 311 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Castanon v. Monsevais*, 703 S.W.2d 295, 297 (Tex.App.—San Antonio 1985, no writ); *Melendez v. John R. Schatzman, Inc.*, 685 S.W.2d 137, 138 (Tex.App.—El Paso 1985, no writ).

Appellant asserts that the record does not reflect that the returns of citation had been on file with the clerk of the court for the required period prior to the entry of the default judgments. Appellant also contends that the returns of citation are insufficient because they are not signed, and, because the return receipts from the U.S. Postal Service reflecting the signature of the addressee were not attached to the returns of citation.

Service of process was attempted by registered mail on the Commissioner of the State Board of Insurance. Article 7.01 of the Insurance Code authorizes service of process on insurance companies acting as sureties within the state, either upon the attorney of the company appointed for that purpose, or upon the Chairman of the State Board of Insurance. Tex.Ins.Code Ann. 7.01 (Vernon 1981) (amended 1987). Rule 103 provides that service by registered mail may be made by the clerk of the court in which the case is pending. Tex.R.Civ.P. 103. Rules 105, 106 and 107 provide the requirements for service by registered mail. Rule 107 requires that:

> The return of the officer executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and *be signed by the officer officially* ... When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer must also contain the return receipt with the addressee's signature ... No default judgment shall be granted in any cause until the citation with proof of service as provided by this rule ... shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment. (Emphasis added.)

Tex.R.Civ.P. 107.

The record reflects that on December 10, 1986, Appellant executed two bail bonds in favor of Appellee, the State of Texas. One bond was for $1600.00 insuring the court appearance of Mary Elizabeth Ganus in cause number 813,830, and the other bail bond was for $1600.00 insuring her appearance in cause number 813,831. Ms. Ganus was scheduled to appear in court for both cases on December 17, 1986, but she failed to appear.

On December 18, 1986, a judgment nisi was entered in each case against Ms. Ganus as principal, and Appellant as surety on the bond. Citations were then issued to Appellant and Ms. Ganus. A copy of the judgments nisi and the citations were served on Appellant by registered mail on December 19, 1986, through the Commissioner of the State Board of Insurance. The citation in cause number 813,830 was delivered on December 22, 1986. The citation in cause number 813,831 was delivered on December 29, 1986. Both return re-

ceipts were signed by F. Thompson. The return receipt in cause number 813,830 was received and filed in the Harris County district clerk's office on December 30, 1986. The return receipt in cause number 813,831 was received and filed in the district clerk's office on January 2, 1987. Appellant failed to file an answer in either case and a default judgment against Appellant was entered in each case on February 10, 1987.

The returns of citation were on file with the clerk of the court for 38 days and 40 days respectively. This was well beyond the 10–day requirement of Rule 107. However, Appellant is correct in asserting that the officer's returns of citation are not signed by him as required by Rule 107. Failure to affirmatively show strict compliance with the rules regarding issuance, service and return of citation renders the attempted service invalid. *Uvalde Country Club v. Martin Linen Supply Co., Inc.,* 690 S.W.2d 884 (Tex.1985); *Humphrey Co., Inc. v. Lowry Water Wells,* 709 S.W.2d at 311; *Mega v. Anglo Iron & Metal Co. of Harlingen,* 601 S.W.2d 501, 503 (Tex.Civ. App.—Corpus Christi 1980, no writ). Failure of the officer to sign the return of citation renders the return fatally defective and will not support a default judgment on direct attack. *Metcalf v. Taylor,* 708 S.W.2d 57, 59 (Tex.App.—Fort Worth 1986, no writ); *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Travieso v. Travieso,* 649 S.W.2d 818, 820 (Tex.App.—San Antonio 1983, no writ).

Rule 107 requires that when service is made by registered mail, the return of the officer must contain the return receipt with the addressee's signature. Although the record has been supplemented with certified copies of the return receipts, we are unable to determine whether they were appended to the returns of citation. *See Melendez v. John R. Schatzman, Inc.,* 685 S.W.2d at 138. Moreover, the return receipts were both signed by F. Thompson in the blank entitled "agent," but there is no indication of the signer's connection with or authorization by the addressee, the Commissioner of the State Board of Insurance. This is insufficient to show that the cita-

tions and copies of the judgments nisi were delivered to the designated addressee as required. *U.S. on Behalf of the Administrator of the Small Business Administration v. Charter Bank Northwest,* 694 S.W. 2d 16, 18 (Tex.App.—Corpus Christi 1985, no writ). We hold that the attempted service of process upon the Commissioner of the State Board of Insurance was ineffective and the default judgment cannot stand. We sustain Appellant's point of error.

Accordingly, the judgments of the trial court are reversed and these causes are remanded to the trial court.