BRONZE & BEAUTIFUL,
INC., Appellant,

v.

Cathy MAHONE, Appellee.

No. 9621.

Court of Appeals of Texas,
Texarkana.

April 26, 1988.

Frank Elder, III, Longview, for appellant.

Jack Sanders, Jr., Marshall, for appellee.

CORNELIUS, Chief Justice.

Bronze & Beautiful, Inc. appeals from a default judgment rendered against it in a deceptive trade practices action. It argues that the judgment is invalid because it was rendered without proper service of process. We agree.

The suit arose out of a contract executed by Cathy Mahone for membership in Beverly Ann's Figure Salon of Marshall. The salon was subsequently purchased and operated by Bronze & Beautiful, Inc. Mahone filed suit against Bronze & Beautiful under the Texas Deceptive Trade Practices Act, alleging that it failed to comply with advertising representations that it would honor former membership contracts. Citation was issued for service by certified mail on "Bronze & Beautiful, Inc., [c/o] Carol Jeannine Duty, Its Registered Agent, 3309 Highway 259 North, Kilgore, Texas, 75662."

Bronze & Beautiful failed to answer within the required time, whereupon the trial court rendered default judgment against it for $45,000.00 damages and $18,000.00 attorney's fees. Bronze & Beautiful filed a motion for new trial and later a motion to vacate the judgment, both of which were overruled by the trial court.

■ Bronze & Beautiful, Inc. failed to raise the invalidity of service issue in its motion for new trial, and Mahone argues that it has waived the issue pursuant to Tex.R.Civ.P. 324(a). The issue was raised, however, in the subsequent motion to vacate the judgment, which was filed while the trial court still had plenary power over its judgment according to Tex.R.Civ.P. 329b(e). Furthermore, a party need not complain about invalid service in the motion for new trial because it is not a complaint on which evidence must be heard, within the meaning of Rule 324. *American Universal Ins. v. D.B. & B., Inc.,* 725 S.W.2d 764, 765 (Tex.App.–Corpus Christi 1987, writ ref'd n.r.e.).

■ In a direct attack on a default judgment, the ordinary presumptions in support of valid service do not apply. *Dan Edge Motors, Inc. v. Scott,* 657 S.W.2d 822 (Tex. App.–Texarkana 1983, no writ). In such a case, jurisdiction must affirmatively appear on the face of the record. *McKanna v. Edgar,* 388 S.W.2d 927, 929–30 (Tex.1965).

■ For a valid default judgment to be obtained, there must be strict compliance with the Rules of Civil Procedure respecting the issuance of citation, the manner and mode of service, and the return of process. *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex.App.–Houston [14th Dist.] 1983, writ ref'd n.r.e.). To show proper service on a corporation by certified mail, the return receipt must be signed by the corporation's president, vice-president, or registered agent. *American Universal Ins. v. D.B. & B., Inc.,* supra; *Pharmakinetics Laboratories, Inc. v. Katz,* 717 S.W.2d 704, 706 (Tex.App.–San Antonio 1986, no writ); Tex. Bus.Corp.Act.Ann. art. 2.11 (Vernon 1980). If the signee is alleged to be the registered agent for the defendant, the record must affirmatively show that fact. *Id.*

Both parties have provided the record with a copy of the return receipt. The receipt card is signed only by Eunice Harvey under "Signature—Addressee." In the line preceded by "Signature—Agent," the initials "M.W." appear. The record contains no affirmative showing that either Eunice Harvey or M.W. were the registered agents for Bronze & Beautiful, Inc. Thus, the trial court never had proper *in personam* jurisdiction over the corporation, and the entry of a default judgment against it was improper.

■ Mahone attempts to rely on testimony given at the hearing on the motion for new trial which, she alleges, implies that Harvey was authorized to act for the corporation. Testimony at a new trial hearing is ineffective to revive the invalid judgment. *American Universal Ins. v. D.B. & B., Inc.,* 725 S.W.2d at 767.

■ The requirement that the defendant excuse his failure to appear and set up a

meritorious defense does not apply in a case like this, *Dan Edge Motors, Inc. v. Scott,* 657 S.W.2d at 824, so we need not consider the second point of error which contends that the failure to answer was excusable. Moreover, we note in passing that the United States Supreme Court has recently held that the Texas rule requiring a defendant to show a meritorious defense to the suit when attacking a default judgment rendered on improper service is unconstitutional. *Peralta v. Heights Medical Center, Inc.,* —— U.S. ——, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988).

The judgment is reversed and the cause is remanded to the trial court.