**John F. HOLLISTER, Appellant,**

v.

**PALMER INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

No. 10–97–113–CV.

Court of Appeals of Texas, Waco.

Jan. 21, 1998.

David M. O'Dens, Scott J. Conrad, Settle & Pou P.C., Dallas, for appellant.

Gregg M. McLaughlin, Perdue, Brandon, Fielder, Collins & Moot, Arlington, Kevin D. Chester, Calame, Linebarger, Graham & Pena, Corsicana, for appellees.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

By writ of error, John F. Hollister challenges the default judgment entered in favor of Palmer Independent School District, Ellis County Education District, and Ellis County (collectively "Taxing Entities") for delinquent property taxes due on two tracts of real

property owned by Hollister.[1] Hollister contends the trial court erred in rendering the default judgment because the record does not show strict compliance with the rules regarding issuance of citation, the manner and mode of service, and the return of service. Hollister also alleges the trial court erred in rendering a default judgment in favor of Ellis County because, as an intervening party, Ellis County did not serve Hollister with a citation giving him notice of the plea in intervention. Because the record fails to show strict compliance with the rules regarding the return of service, we reverse the default judgment and remand this cause to the trial court.

On June 7, 1995, Palmer ISD and the Ellis County Education District sued Hollister to recover delinquent property taxes owed on two tracts of real property. The District Clerk issued a citation which was forwarded to a local constable for service on Hollister. The record indicates that the constable served Hollister via certified mail; however, no postal service return receipt, or "green card," was appended to the constable's return of service. Thereafter, on August 4, 1995, Ellis County filed a plea in intervention also seeking to collect delinquent taxes from Hollister.

After Hollister failed to answer, the Taxing Entities sought and were awarded a default judgment against Hollister. A judgment in the amount of $30,154.39 was entered against Hollister on August 30, 1996. Hollister filed his petition for writ of error on February 5, 1997, and his cash deposit in lieu of bond on February 19.

■ In his first point of error, Hollister complains the trial court erred in rendering a default judgment against him because the record does not affirmatively demonstrate strict compliance with the rules regarding issuance of citation, the manner and mode of service, and the return of service. A writ of error that directly attacks a judgment must: (1) be brought within six months of the date of judgment; (2) by a party to the suit; (3)

who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269 (Tex.1997); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152, (Tex.1994); *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551 (Tex.1991); *Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 73 (Tex. App.—Waco 1997, writ denied); *see* TEX. R.APP. P. 45 (repealed); TEX. CIV. PRAC. & REM.CODE ANN. § 51.013 (Vernon 1997). It is undisputed that Hollister has met the first three criteria; therefore, the only question is whether error is apparent on the face of the record. Hollister claims that the constable's failure to attach a "green card" signed by Hollister to his return of service is such an error. We agree.

■ Strict compliance with the Rules of Civil Procedure relating to the issuance of citation, the manner and mode of service, and the return of process is necessary to sustain a default judgment which is directly attacked by writ of error. *Primate Constr.*, 884 S.W.2d at 152; *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965); *Laidlaw Waste Sys.*, 944 S.W.2d at 74. We recognize no presumptions in favor of valid issuance, service, and return of citation in the face of a writ-of-error attack on a default judgment. *Primate Constr.*, 884 S.W.2d at 152; *Wilson*, 800 S.W.2d at 836; *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex.1985); *McKanna*, 388 S.W.2d at 929; *Laidlaw Waste Sys.*, 944 S.W.2d at 74. Furthermore, lack of strict compliance with the Rules of Civil Procedure renders any attempted service of process invalid and of no effect. *Wilson*, 800 S.W.2d at 836; *Uvalde Country Club*, 690 S.W.2d at 885; *Laidlaw Waste Sys.*, 944 S.W.2d at 74.

■ Rule 107 of the Texas Rules of Civil Procedure provides:

The return of the officer or authorized person executing the citation shall be en-

---

1. We note that under the new rules of appellate procedure effective September 1, 1997, restricted appeals substantially replace appeals by writ of error. *Compare* TEX.R.APP. P. 45 (repealed) *with* TEX.R.APP. P. 30. Because this appeal was perfected before September 1, 1997, we will consider it an appeal by writ of error.

dorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified. *When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature . . .* (emphasis added). TEX.R. CIV. P. 107. The requirements for proper service of citation by registered or certified mail are unambiguous. The return must: (1) be endorsed upon or attached to the citation; (2) state when citation was served; (3) be signed by the officer officially or the authorized person who served the citation; (4) be verified if served by an authorized person; and (5) have the postal service return receipt with the addressee's signature attached. *Laidlaw Waste Sys.*, 944 S.W.2d at 74. The officer's failure to attached the return receipt to the return of service is fatal. *See American Bankers Ins. Co. v. State*, 749 S.W.2d 195, 197 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Melendez v. John R. Schatzman, Inc.*, 685 S.W.2d 137, 138 (Tex.App.—El Paso 1985, no writ). By failing to append the signed return receipt to the officer's return of service, the District Clerk's service of citation on Hollister failed to strictly comply with the Rules of Civil Procedure; therefore, such defective service will not support the default judgment. *Primate Constr.*, 884 S.W.2d at 152; *Wilson*, 800 S.W.2d at 836; *McKanna*, 388 S.W.2d at 929; *Laidlaw Waste Sys.*, 944 S.W.2d at 74.

■ The Taxing Entities argue that, because Hollister failed to request that a statement of facts be forwarded to this court for review on appeal, Hollister has failed to satisfy his appellate burden and we must presume any defect in service was corrected during the default hearing. The Taxing Entities rely on *Harmon Truck Lines, Inc. v. Steele*, 836 S.W.2d 262 (Tex. App.—Texarkana 1992, writ dism'd w.o.j.), as support for this argument. In *Harmon Truck Lines*, the Texarkana Court upheld a default judgment by

presuming, in the absence of a statement of facts, that evidence was presented during the default hearing to correct the defective service. 836 S.W.2d at 264–65. The court reasoned that to hold otherwise "would encourage appellants to submit appeals from default judgments without a statement of facts." *Id.* at 265.

The Taxing Entities' reliance on *Harmon Truck Lines* is undermined in two ways. First, as we have previously stated, when a default judgment is directly attacked via an appeal by writ of error, we will make none of the usual presumptions that valid service was effectuated. *Primate Constr.*, 884 S.W.2d at 152; *Wilson*, 800 S.W.2d at 833; *McKanna*, 388 S.W.2d at 929; *Laidlaw Waste Sys.*, 944 S.W.2d at 74. Furthermore, the Supreme Court has held that it is the responsibility of the party requesting service to see that proper service is sufficiently reflected in the record. *Primate Constr.*, 884 S.W.2d at 153. Consequently, the Taxing Entities were to bear the burden of requesting a statement of facts if indeed such reflected that the defective service had been adequately cured.[2]

■ Secondly, even if we were to make a presumption that the Taxing Entities cured any defect in service at the default hearing, the Taxing Entities themselves have effectively rebutted that presumption. On June 18, 1997, the District Clerk forwarded a supplemental transcript to this court at the request of Appellee Ellis County. Contained in this supplemental transcript is an affidavit executed by Constable Bill Woody on June 11, 1997. According to his affidavit, Constable Woody is the officer who served Hollister with the citation in the suit for delinquent taxes. Constable Woody admits he failed to attach the "green card" to the citation and that he has attached the "green card" to his affidavit "as proof that Mr. Hollister was served with citation by certified mail...." If the return receipt signed by Hollister was not made part of the record until June 11, 1997, four months after Hollister's appeal by writ of error had been perfected, then the presumption that the Taxing Entities presented the missing "green card" at the de-

2. We note that no such argument was made.

fault hearing is erroneous. Therefore, at the time the default judgment was entered against Hollister, the record indicated that there had not been strict compliance with the rules governing service of citation; thus, the service on Hollister was defective and the default judgment invalid. *See Laidlaw Waste Sys.*, 944 S.W.2d at 73 (appellate court's review is limited to the record as it existed at the time the default judgment was rendered); *Armstrong v. Minshew*, 768 S.W.2d 883, 884 (Tex.App.—Dallas 1989, no writ) (same). Hollister's first point of error is sustained.

Our disposition of Hollister's first point of error renders it unnecessary to discuss his second point. The judgment is reversed and the cause remanded.