TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00354-CV






T & S Auto Sales, Inc., Appellant



v.



Debbie Smith Anderson, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 244726, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 





 Debbie Anderson (Anderson) sued T&S Auto Sales, Inc. (T&S) under the Texas
Deceptive Trade Practices Act, (1) the Texas Debt Collections Practices Act, (2) and the Federal Debt
Collection Practices Act. (3) T&S did not answer, and default judgment was entered against it. 
T&S filed a restricted appeal, claiming service of process was defective, the evidence is
insufficient to support the judgment, and unliquidated damages and contested liability entitle it to
a new trial. See Tex. R. App. P. 30. We will affirm the judgment on the issue of liability, and
reverse and remand for a new trial on damages.


Facts

 Anderson sued T&S for violations of the DTPA, the TDCA, and the FDCA for
events arising out of her purchase of a truck from T&S and the truck's subsequent repossession. 
Anderson alleged she bought the truck in 1997 and, sometime after the purchase, negotiated with
T&S a new payment schedule. Anderson claimed she made all the payments under the newly
negotiated schedule. She alleged that in February 1999, she and her husband were subjected to
a wilful campaign of abuse and harassment by T&S and its agents that led to the repossession of
the truck by T&S's agents. Anderson complained of various misrepresentations and threats,
specifically alleging that she and her husband were threatened with physical harm, she was told
a felony warrant would be issued for her arrest, one of T&S's agents misrepresented being part
of a division of Dallas County, and T&S's agents used abusive language, breached the peace, and
destroyed Anderson's property during the repossession. Anderson alleged that the wrongful acts
of T&S and its agents caused her to suffer property damage, mental anguish, and humiliation. 
She pled for recovery of attorneys' fees, actual damages, and mental anguish and exemplary
damages.


Service of Process

 T&S argues it was not served in strict compliance with procedural rules governing
service of citation, thus rendering service invalid. Specifically, T&S complains that the return
receipt indicates the addressee was "T&S Auto Sales Inc C/O Leonard Thompson" instead of
"T&S Auto Sales, Inc. by and through serving its agent: Leonard Thompson," and that
Thompson's signature appears "on the margin" of the receipt rather than in the signature block. 
T&S also complains of the serving officer's statements (1) that the return was "certified" before
the date T&S received the citation and (2) that the citation was served on "T&S Auto Sales Inc.
Reg. Agent: Leonard Thompson signed by Alyce Peterman." 

 A default judgment may be attacked by a restricted appeal if the appeal is brought
(1) within six months of the date of the judgment, (2) by a party to the suit, (3) who did not
participate in the actual trial, and (4) the complained-of error is apparent on the face of the record. 
See Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997); Tex. R.
App. P. 26.1(c), 30. A plaintiff defending a default judgment must show it strictly complied with
the procedural rules governing citations and return of service. See Primate Constr., Inc. v. Silver,
884 S.W.2d 151, 152 (Tex. 1994); Tex. R. Civ. P. 99, 103, 105, 106, 107. We do not presume
compliance with the rules governing service and return of citation in reviewing a default
judgment. See Primate Constr., 884 S.W.2d at 152. 

 Service is valid only if the return was signed by the serving officer and contains
the time, date, and manner of service and the date the officer received it. See Hollister v. Palmer
Indep. Sch. Dist., 958 S.W.2d 956, 958-59 (Tex. App.--Waco 1998, no pet.); Tex. R. Civ. P. 16,
105. The citation must, among other things, be directed to the defendant, notify the defendant
that he risks default judgment should he fail to answer, and show the date citation was issued, the
cause number, and the date by which the defendant must answer. See Tex. R. Civ. P. 99(b). 
Citation may be served by mailing it to the defendant by registered or certified mail, return receipt
requested. See Tex. R. Civ. P. 106(a)(2). Once service is complete, the serving officer must sign
and endorse the return to show when and how citation was served and, if served by certified mail,
attach the signed certified mail return receipt. See Tex. R. Civ. P. 107. 

 The citation in question is directed to "T&S AUTO SALES INC By and through
serving its REGISTERED AGENT: Leonard Thompson," and shows T&S's address, the date the
petition was filed, and the time frame within which T&S must answer or risk default judgment. 
The return is signed by the serving officer, states a copy of the petition was attached to the
citation, and notes the dates on which the citation was received by the officer and on which it was
served. It states citation was served on "T&S Auto Sales Inc. Reg. Agent: Leonard Thompson
signed by Alyce Peterman." The certified mail return receipt is attached to the return as required
and notes the addressee is "T&S Auto Sales Inc. C/O Leonard Thompson." Peterman's signature
appears in the signature block of the receipt and immediately below it is the signature of L. W.
Thompson; T&S admits this is Leonard Thompson's signature.

 T&S's complaint that the return "reflects that it was certified March 1, 1999 which
is prior to the actual date the citation was received" is without merit. The return reads, "Came
to the hand on the 1 day of March, 1999 at 12:00 o'clock p.m. Executed at 2805 Garland Rd.
within County of Garland TX at 5:00 o'clock p.m. on the 5 day of March, 1999. . . ." This
language reflects that March 1 was the date the officer received the documents to serve them and
March 5 was the date of service. See Tex. R. Civ. P. 16 (officer must endorse on all process
"coming to his hand" the time and date he received them) (emphasis added).

 T&S's argument that the notation "T&S Auto Sales Inc C/O Leonard Thompson"
on the return receipt renders service invalid is unconvincing. The Rules of Civil Procedure set
out requirements governing the citation and return of service. The rules do not specify that the
envelope and return receipt accompanying the citation must also comply strictly with the rules. 
The citation and the return comply with the rules and correctly name T&S Auto Sales, Inc. by and
through its registered agent, Leonard Thompson.

 T&S admits Leonard Thompson signed the return receipt, but argues his signature
in the margin and not in the signature block, when combined with the card's being directed to
T&S in care of Thompson, rather than by and through him as its registered agent, renders the
service invalid. We have already discussed that the petition and citation correctly name T&S. 
The rules require that the registered agent sign the return receipt; they do not state service is
invalid if the signature does not appear in the signature block. The citation and petition were
properly directed to T&S and Thompson signed the receipt. That he signed below the signature
line is without consequence.

 Finally, the fact that the officer's return indicates the receipt was signed by
Peterman is unimportant. The serving officer must sign the return of service, note when and how
the citation was served, and attach the signed receipt to the return. See Tex. R. Civ. P. 107. The
officer's return complies with those requirements. 

 The citation and return comply with the rules governing service of process. We
overrule T&S's first issue on appeal.


Are Anderson's pleadings sufficient to support judgment?

 T&S next argues Anderson's pleadings do not support the trial court's finding of
liability. We disagree. 

 A petition may support a default judgment even if it might be susceptible to special
exceptions. See Paramount Pipe & Supply Co. v. Muhr, 749 S.W.2d 491, 494 (Tex. 1988). A
plaintiff need not set out the evidence upon which she will rely to prove her claim. See id. at 494-95. The trial court's granting of default judgment is erroneous only if the petition (1) does not
attempt to state a cause of action within the trial court's jurisdiction, (2) does not give fair notice
to the defendant of the claim asserted, or (3) affirmatively shows the invalidity of the asserted
claim. See id. at 494. Even if the petition contains evidentiary allegations, legal conclusions,
minor defects, or technical insufficiencies, judgment will stand if the defendant has fair notice of
the claims asserted. See id.; Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979).

 Entry of a no-answer default judgment admits all factual allegations in the plaintiff's
petition. See Paramount Pipe, 749 S.W.2d at 496; Stoner, 578 S.W.2d at 682; Fleming Mfg. Co.
v. Capitol Brick, Inc., 734 S.W.2d 405, 408 (Tex. App.--Austin 1987, writ ref'd n.r.e.). If the
petition properly alleges a cause of action, the default judgment "conclusively establishes" the
defendant's liability. See Morgan v. Compugraphic Corp., 675 S.W.2d 729, 731 (Tex. 1984). 
Allegations concerning unliquidated damages are not deemed admitted. See Holt Atherton Ind.,
Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992); Fleming Mfg., 734 S.W.2d at 408. The trial court
must hear evidence of unliquidated damages. See Holt Atherton, 835 S.W.2d at 83. If a
defendant appeals from a no-answer default judgment, liability is not contested. See Fleming
Mfg., 734 S.W.2d at 408. If we sustain an evidentiary point as to unliquidated damages, we will
remand the cause for a new trial on the issue of damages alone. See id. 

 Anderson's petition claims T&S violated the DTPA, the TDCA, and the FDCA,
and sets out the alleged illegal acts. She claims the acts were committed by T&S and its
"unknown agents." She was not required to anticipate and refute defenses T&S might have
asserted. Nor is her petition deficient if it fails to set out every element of an agency relationship
between the "unknown agents of [T&S]" or to state exactly what damage was caused, exactly how
Anderson and her husband were physically threatened, or that she actually owned the yard
damaged during the repossession. Her petition clearly states a cause of action within the trial
court's jurisdiction, gives fair notice to T&S of her claims, and does not show that her claims
were invalid. See Paramount Pipe, 749 S.W.2d at 494. While her petition might have been
subject to special exceptions, it is certainly sufficient to put T&S on notice of her claims and to
support default judgment. We overrule T&S's second issue on appeal.

Is T&S entitled to a new trial on the merits?

 Finally, T&S claims that the lack of a reporter's record of the hearing on damages
entitles it to a new trial on the issues of damages and liability. Anderson concedes that the lack
of a record entitles T&S to a new hearing on the issue of damages, but argues T&S is not entitled
to a new trial on the issue of liability. We agree with Anderson.

 As noted above, the entry of a no-answer default judgment established T&S's
liability. Because Anderson pleaded for unliquidated damages, the record must reflect evidence
on damages. No record of a trial on the issue of damages appears in the appellate record. 
Therefore, we sustain T&S's issue only as it relates to the insufficiency of evidence concerning
damages. See Fleming Mfg., 734 S.W.2d at 408. We overrule T&S's claim that the evidence is
insufficient to support the trial court's finding of liability. 


Conclusion

 We overrule T&S's claims that service of process was invalid and ineffective and
that Anderson's pleadings alleged insufficient facts to support the default judgment. We overrule
T&S's claim that it is entitled to a new trial on the merits because of a lack of evidence of
damages and because it would have contested liability had it participated in the trial. We affirm
the trial court's judgment on the issue of T&S's liability. We sustain T&S's claim that there is
insufficient evidence to support the trial court's finding on damages suffered by Anderson. We
reverse the judgment insofar as it awards damages, and remand the cause for a new trial limited
to the issue of damages.

 

 

 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed: February 3, 2000

Do Not Publish
1. The Deceptive Trade Practices--Consumer Protection Act (DTPA) provides a civil cause of
action for false, misleading, or deceptive acts taken in the conduct of trade or commerce. See
Tex. Bus. & Com. Code Ann. §§ 17.41--17.63 (West 1987 & Supp. 2000). A consumer who
prevails under the DTPA may recover actual damages, damages for mental anguish, and
attorneys' fees. See id. § 17.50 (West Supp. 2000). 
2. A consumer may sue under the Texas Debt Collection Act (TDCA) for threats, coercion,
harassment, abuse, unconscionable collection methods, or misrepresentations made in connection
with the collection of a debt. See Tex. Fin. Code Ann. §§ 392.301--392.404 (West. 1998). A
TDCA violation is actionable under the DTPA. See id. § 392.404(a). A prevailing consumer
may recover actual damages, attorneys' fees, and at least $100 for each violation. See id. §
392.403.
3. The Federal Debt Collection Act (FDCA) allows a victim of abusive, harassing, unfair, false,
or misleading debt collection practices to recover actual damages, additional damages, and
attorneys' fees. See 15 U.S.C.A. §§ 1692--1692o (West 1998). 



egal acts. She claims the acts were committed by T&S and its
"unknown agents." She was not required to anticipate and refute defenses T&S might have
asserted. Nor is her petition deficient if it fails to set out every element of an agency relationship
between the "unknown agents of [T&S]" or to state exactly what damage was caused, exactly how
Anderson and her husband were physically threatened, or that she actually owned the yard
damaged during the repossession. Her petition clearly states a cause of action within the trial
court's jurisdiction, gives fair notice to T&S of her claims, and does not show that her claims
were invalid. See Paramount Pipe, 749 S.W.2d at 494. While her petition might have been
subject to special exceptions, it is certainly sufficient to put T&S on notice of her claims and to
support default judgment. We overrule T&S's second issue on appeal.

Is T&S entitled to a new trial on the merits?

 Finally, T&S claims that the lack of a reporter's record of the hearing on damages
entitles it to a new trial on the issues of damages and liability. Anderson concedes that the lack
of a record entitles T&S to a new hearing on the issue of damages, but argues T&S is not entitled
to a new trial on the issue of liability. We agree with Anderson.

 As noted above, the entry of a no-answer default judgment established T&S's
liability. Because Anderson pleaded for unliquidated damages, the record must reflect evidence
on damages. No record of a trial on the issue of damages appears in the appellate record. 
Therefore, we sustain T&S's issue only as it relates to the insufficiency of evidence concerning
damages.