TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00122-CV






Natkin Service Company, Appellant



v.



Joe Winiarz, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 96-04511, HONORABLE JOSEPH H. HART, JUDGE PRESIDING








DISSENTING OPINION






 I respectfully dissent. 

 The law does not favor default judgments and, as the majority notes, the usual rule
that all presumptions are made in support of a judgment does not apply when reviewing the
sufficiency of service preceding a default judgment. See Wilson v. Dunn, 800 S.W.2d 833, 836
(Tex. 1990) (quoting Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885
(Tex. 1985) (per curiam)). A default judgment cannot survive a direct attack by a defendant who
was not served in strict compliance with service of process rules. See Wood v. Brown, 819
S.W.2d 799, 800 (Tex. 1991) (per curiam); Uvalde Country Club, 690 S.W.2d at 885. Simply
put, if not based on proper service of citation, a default judgment is void. See Lozano v. Hayes
Wheels Int'l, Inc., 933 S.W.2d 245, 247 (Tex. App.--Corpus Christi 1996, no writ).

 I do not believe that Natkin Service Co. was properly served with citation in the
present case. The facts reflect that when Winiarz decided to file suit against Natkin, he requested
that Natkin be served with process by certified mail through Natkin's registered agent, CT
Corporation System ("CT Corporation"). The return citation is signed by the serving officer and
certifies that citation and a copy of the petition were served on Natkin by serving its registered
agent, CT Corporation. Service on CT Corporation was evidenced by the initials "T.W." signed
on the certified mail return receipt (also known as the "green card"). Natkin challenges the
sufficiency of service on three grounds, claiming that (1) Winiarz failed to show that CT
Corporation was Natkin's agent for service, (2) the address proven for Natkin's agent was not the
address to which citation was directed, and (3) neither the identity nor the capacity of "T.W." was
ever established. Even assuming the majority is correct and Winiarz properly established both
that CT Corporation was Natkin's agent for service and that citation was directed to the right
address, the record does not reflect--by allegation or proof--who T.W. is or in what capacity he or
she is employed at CT Corporation. This is a fatal defect in service of process.

 Both Natkin and CT Corporation are foreign corporations. Service of process on
a foreign corporation may be effected through its president, any vice president, or its registered
agent for service. See Tex. Bus. Corp. Act Ann. art. 8.10(A) (West 1980). (1) Winiarz claims that
citation was properly served on Natkin by serving its registered agent, CT Corporation. (2) The
majority holds that because someone at CT Corporation signed the return receipt, service was
therefore proper and nothing more is required to establish proper service of Natkin.

 There is no question, it seems to me, that if CT Corporation itself had been the
defendant, a return receipt signed only by an unidentified "T.W." would be insufficient to
establish proper service. As a foreign corporation, service would be proper only if the record
affirmatively reflected that T.W. were the president, vice president, or registered agent for CT
Corporation. See Tex. Bus. Corp. Act Ann. art. 8.10. The citation Winiarz attempted to serve
on CT Corporation did not specify any particular recipient; it was addressed only to the
corporation, and T.W. signed on its behalf. The citation and the rest of the record are bare of any
detail of T.W.'s identity or capacity at CT Corporation. (3) Where, as here, the return receipt bears
no indication of either the signer's connection with or authorization by the addressee, the
attempted service of process is ineffective. See American Bankers Ins. Co. v. State, 749 S.W.2d
195, 197 (Tex. App.--Houston [14th Dist.] 1988, no writ); United States v. Charter Bank NW, 694
S.W.2d 16, 18 (Tex. App.--Corpus Christi 1985, no writ). Texas case law is clear that when
service is on a registered agent for a corporation, the citation must affirmatively show that the
individual served is in fact the agent for service. See, e.g., Bronze & Beautiful, Inc. v. Mahone,
750 S.W.2d 28, 29 (Tex. App.--Texarkana 1988, no writ) (where receipt card was signed by
Eunice Harvey and M.W. and record contained no affirmative showing that either person was
registered agent for company, service was invalid and default judgment improper); American
Universal Ins. Co. v. D.B. & B., Inc., 725 S.W.2d 764, 765 (Tex. App.--Corpus Christi 1987,
writ ref'd n.r.e.) (where it was not addressee who signed receipt for service and record did not
affirmatively show signer was agent, default judgment was improper); Pharmakinetics Lab., Inc.
v. Katz, 717 S.W.2d 704, 706 (Tex. App.--San Antonio 1986, no writ) (service of process
rendered invalid where return was not signed by person designated to receive service for
defendant).

 Nor is there any indication from the case law that the requirements for service by
certified mail, as was attempted here, are less stringent than for other personal service of process. 
Texas Rule of Civil Procedure 106 authorizes service of citation by "mailing to the defendant by
registered or certified mail, return receipt requested, a true copy of the citation with a copy of the
petition attached thereto." Tex. R. Civ. P. 106(a)(2). Rule 107 requires that "[w]hen the citation
was served by registered or certified mail as authorized by Rule 106, the return by the officer or
authorized person must also contain the return receipt with the addressee's signature." Tex. R.
Civ. P. 107. Nothing in the rules indicate that our otherwise strict requirements for service of
process are relaxed when service is effected by mail. Indeed, the cases are uniformly to the
contrary, continuing to insist on strict adherence. See Hollister v. Palmer Indep. Sch. Dist., 958
S.W.2d 956, 958-59 (Tex. App.--Waco 1998, no pet.); Laidlaw Waste Systems, Inc. v. Wallace,
944 S.W.2d 72, (Tex. App.--Waco 1997, writ denied); Bronze & Beautiful, Inc., 750 S.W.2d at
29 ("To show proper service on a corporation by certified mail, the return receipt must be signed
by the corporation's president, vice-president, or registered agent."); American Bankers Ins. Co.,
749 S.W.2d at 197; American Universal Ins. Co., 725 S.W.2d at 765; Pharmakinetics Labs.,
Inc., 717 S.W.2d at 706.

 Finally, it is irrelevant that Natkin admittedly knew about the lawsuit and that
citation was forwarded from CT Corporation to Natkin's general counsel. The supreme court has
squarely held that "a default judgment is improper against a defendant who has not been served
in strict compliance with law, even if he has actual knowledge of the lawsuit." Wilson v. Dunn,
800 S.W.2d at 83 (emphasis added); see Verlander Enters., Inc. v. Graham, 932 S.W.2d 259,
262 (Tex. App.--El Paso 1996, no writ).

 Because service is otherwise insufficient on CT Corporation, the only way this
Court can sustain the default judgment here is to hold that the requirements for service on CT
Corporation were relaxed because it was acting as a registered agent for service for another
corporation. This is what the majority does when it holds that T.W.'s identity is "superfluous and
irrelevant" to establish sufficiency of service on CT Corporation. This proposition is at odds with
the plain language of article 8.10, and I believe that neither precedent nor our rules of procedure
support the majority's conclusion.

 Because Natkin listed CT Corporation as its registered agent, and because CT
Corporation itself is a foreign corporation, proper service of Natkin pursuant to article 8.10 must
also require proper service of CT Corporation pursuant to that same provision, i.e., by serving
CT Corporation's president, vice president, or registered agent for service. Cf. Southland Paint
Co. v. Thousand Oaks Racket Club, 724 S.W.2d 809, 810 (Tex. App.--San Antonio 1986, writ
ref'd n.r.e.) (delivery on corporate defendant proper where served through its registered agent for
service, CT Corporation, by delivery to CT Corporation's registered agent for service, Mary Lou
Boring); National Med. Enters. of Texas, Inc. v. Wedman, 676 S.W.2d 712, 715 (Tex. App.--El
Paso 1984, no writ) (compliance with statute shown where citation was delivered to corporation's
registered agent for service, CT Corporation, by delivering to CT Corporation's registered agent
for service, Mary Lou Boring).

 By failing to establish precisely who T.W. is, Winiarz has not shown that CT
Corporation was properly served with citation. By failing to show that CT Corporation was
properly served, Winiarz likewise has not demonstrated that Natkin was properly served. 
Accordingly, personal jurisdiction over Natkin did not attach, and the default judgment is invalid. 
I would reverse the trial court's judgment and remand the cause for a new trial.



 
 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Filed: June 29, 2000

Publish

1. The rule for service of process on a domestic corporation is substantially the same. See
Tex. Bus. Corp. Act Ann. art. 2.11(A) (West 1980).
2. Winiarz does not contend that he served, or made an attempt to serve, Natkin's president
or any vice president.
3. The record does affirmatively reflect that the initials of CT Corporation's registered agent
for service are not "T.W."


d mail as authorized by Rule 106, the return by the officer or
authorized person must also contain the return receipt with the addressee's signature." Tex. R.
Civ. P. 107. Nothing in the rules indicate that our otherwise strict requirements for service of
process are relaxed when service is effected by mail. Indeed, the cases are uniformly to the
contrary, continuing to insist on strict adherence. See Hollister v. Palmer Indep. Sch. Dist., 958
S.W.2d 956, 958-59 (Tex. App.--Waco 1998, no pet.); Laidlaw Waste Systems, Inc. v. Wallace,
944 S.W.2d 72, (Tex. App.--Waco 1997, writ denied); Bronze & Beautiful, Inc., 750 S.W.2d at
29 ("To show proper service on a corporation by certified mail, the return receipt must be signed
by the corporation's president, vice-president, or registered agent."); American Bankers Ins. Co.,
749 S.W.2d at 197; American Universal Ins. Co., 725 S.W.2d at 765; Pharmakinetics Labs.,
Inc., 717 S.W.2d at 706.

 Finally, it is irrelevant that Natkin admittedly knew about the lawsuit and that
citation was forwarded from CT Corporation to Natkin's general counsel. The supreme court has
squarely held that "a default judgment is improper against a defendant who has not been served
in strict compliance with law, even if he has actual knowledge of the lawsuit." Wilson v. Dunn,
800 S.W.2d at 83 (emphasis added); see Verlander Enters., Inc. v. Graham, 932 S.W.2d 259,
262 (Tex. App.--El Paso 1996, no writ).

 Because service is otherwise insufficient on CT Corporation, the only way this
Court can sustain the default judgment here is to hold that the requirements for service on CT
Corporation were relaxed because it was acting as a registered agent for service for another
corporation. This is what the majority does when it holds that T.W.'s identity is "superfluous and
irrelevant" to establish sufficiency of service on CT Corporation. This proposition is at odds with
the plain language of article 8.10, and I believe that neither precedent nor our rules of procedure
support the majority's conclusion.ecause it was acting as a registered agent for service for another
corporation. This is what the majority does when it holds that T.W.'s identity is "superfluous and
irrelevant" to establish sufficiency of service on CT Corporation. This proposition is at odds with
the plain language of article 8.10, and I believe that neither precedent nor our rules of procedure
support the majority's conclusion.ALIGN="CENTER" WIDTH="26%">



Natkin Service Company, Appellant



v.



Joe Winiarz, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 96-04511, HONORABLE JOSEPH H. HART, JUDGE PRESIDING








DISSENTING OPINION






 I respectfully dissent. 

 The law does not favor default judgments and, as the majority notes, the usual rule
that all presumptions are made in support of a judgment does not apply when reviewing the
sufficiency of service preceding a default judgment. See Wilson v. Dunn, 800 S.W.2d 833, 836
(Tex. 1990) (quoting Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885
(Tex. 1985) (per curiam)). A default judgment cannot survive a direct attack by a defendant who
was not served in strict compliance with service of process rules. See Wood v. Brown, 819
S.W.2d 799, 800 (Tex. 1991) (per curiam); Uvalde Country Club, 690 S.W.2d at 885. Simply
put, if not based on proper service of citation, a default judgment is void. See Lozano v. Hayes
Wheels Int'l, Inc., 933 S.W.2d 245, 247 (Tex. App.--Corpus Christi 1996, no writ).

 I do not believe that Natkin Service Co. was properly served with citation in the
present case. The facts reflect that when Winiarz decided to file suit against Natkin, he requested
that Natkin be served with process by certified mail through Natkin's registered agent, CT
Corporation System ("CT Corporation"). The return citation is signed by the serving officer and
certifies that citation and a copy of the petition were served on Natkin by serving its registered
agent, CT Corporation. Service on CT Corporation was evidenced by the initials "T.W." signed
on the certified mail return receipt (also known as the "green card"). Natkin challenges the
sufficiency of service on three grounds, claiming that (1) Winiarz failed to show that CT
Corporation was Natkin's agent for service, (2) the address proven for Natkin's agent was not the
address to which citation was directed, and (3) neither the identity nor the capacity of "T.W." was
ever established. Even assuming the majority is correct and Winiarz properly established both
that CT Corporation was Natkin's agent for service and that citation was directed to the right
address, the record does not reflect--by allegation or proof--who T.W. is or in what capacity he or
she is employed at CT Corporation. This is a fatal defect in service of process.

 Both Natkin and CT Corporation are foreign corporations. Service of process on
a foreign corporation may be effected through its president, any vice president, or its registered
agent for service. See Tex. Bus. Corp. Act Ann. art. 8.10(A) (West 1980). (1) Winiarz claims that
citation was properly served on Natkin by serving its registered agent, CT Corporation. (2) The
majority holds that because someone at CT Corporation signed the return receipt, service was
therefore proper and nothing more is required to establish proper service of Natkin.

 There is no question, it seems to me, that if CT Corporation itself had been the
defendant, a return receipt signed only by an unidentified "T.W." would be insufficient to
establish proper service. As a foreign corporation, service would be proper only if the record
affirmatively reflected that T.W. were the president, vice president, or registered agent for CT
Corporation. See Tex. Bus. Corp. Act Ann. art. 8.10. The citation Winiarz attempted to serve
on CT Corporation did not specify any particular recipient; it was addressed only to the
corporation, and T.W. signed on its behalf. The citation and the rest of the record are bare of any
detail of T.W.'s identity or capacity at CT Corporation. (3) Where, as here, the return receipt bears
no indication of either the signer's connection with or authorization by the addressee, the
attempted service of process is ineffective. See American Bankers Ins. Co. v. State, 749 S.W.2d
195, 197 (Tex. App.--Houston [14th Dist.] 1988, no writ); United States v. Charter Bank NW, 694
S.W.2d 16, 18 (Tex. App.--Corpus Christi 1985, no writ). Texas case law is clear that when
service is on a registered agent for a corporation, the citation must affirmatively show that the
individual served is in fact the agent for service. See, e.g., Bronze & Beautiful, Inc. v. Mahone,
750 S.W.2d 28, 29 (Tex. App.--Texarkana 1988, no writ) (where receipt card was signed by
Eunice Harvey and M.W. and record contained no affirmative showing that either person was
registered agent for company, service was invalid and default judgment improper); American
Universal Ins. Co. v. D.B. & B., Inc., 725 S.W.2d 764, 765 (Tex. App.--Corpus Christi 1987,
writ ref'd n.r.e.) (where it was not addressee who signed receipt for service and record did not
affirmatively show signer was agent, default judgment was improper); Pharmakinetics Lab., Inc.
v. Katz, 717 S.W.2d 704, 706 (Tex. App.--San Antonio 1986, no writ) (service of process
rendered invalid where return was not signed by person designated to receive service for
defendant).

 Nor is there any indication from the case law that the requirements for service by
certified mail, as was attempted here, are less stringent than for other personal service of process. 
Texas Rule of Civil Procedure 106 authorizes service of citation by "mailing to the defendant by
registered or certified mail, return receipt requested, a true copy of the citation with a copy of the
petition attached thereto." Tex. R. Civ. P. 106(a)(2). Rule 107 requires that "[w]hen the citation
was served by registered or certified mail as authorized by Rule 106, the return by the officer or
authorized person must also contain the return receipt with the addressee's signature." Tex. R.
Civ. P. 107. Nothing in the rules indicate that our otherwise strict requirements for service of
process are relaxed when service is effected by mail. Indeed, the cases are uniformly to the
contrary, continuing to insist on strict adherence. See Hollister v. Palmer Indep. Sch. Dist., 958
S.W.2d 956, 958-59 (Tex. App.--Waco 1998, no pet.); Laidlaw Waste Systems, Inc. v. Wallace,
944 S.W.2d 72, (Tex. App.--Waco 1997, writ denied); Bronze & Beautiful, Inc., 750 S.W.2d at
29 ("To show proper service on a corporation by certified mail, the return receipt must be signed
by the corporation's president, vice-president, or registered agent."); American Bankers Ins. Co.,
749 S.W.2d at 197; American Universal Ins. Co., 725 S.W.2d at 765; Pharmakinetics Labs.,
Inc., 717 S.W.2d at 706.

 Finally, it is irrelevant that Natkin admittedly knew about the lawsuit and that
citation was forwarded from CT Corporation to Natkin's general counsel. The supreme court has
squarely held that "a default judgment is improper against a defendant who has not been served
in strict compliance with law, even if he has actual knowledge of the lawsuit." Wilson v. Dunn,
800 S.W.2d at 83 (emphasis added); see Verlander Enters., Inc. v. Graham, 932 S.W.2d 259,
262 (Tex. App.--El Paso 1996, no writ).

 Because service is otherwise insufficient on CT Corporation, the only way this
Court can sustain the default judgment here is to hold that the requirements for service on CT
Corporation were relaxed because it was acting as a registered agent for service for another
corporation. This is what the majority does when it holds that T.W.'s identity is "superfluous and
irrelevant" to establish sufficiency of service on CT Corporation. This proposition is at odds with
the plain language of article 8.10, and I believe that neither precedent nor our rules of procedure
support the majority's conclusion.

 Because Natkin listed CT Corporation as its registered agent, and because CT
Corporation itself is a foreign corporation, proper service of Natkin pursuant to article 8.10 must
also require proper service of CT Corporation pursuant to that same provision, i.e., by serving
CT Corporation's president, vice president, or registered agent for service. Cf. Southland Paint
Co. v. Thousand Oaks Racket Club, 724 S.W.2d 809, 810 (Tex. App.--San Antonio 1986, writ
ref'd n.r.e.) (delivery on corporate defendant proper where served through its registered agent for
service, CT Corporation, by delivery to CT Corporation's registered agent for service, Mary Lou
Boring); National Med. Enters. of Texas, Inc. v. Wedman, 676 S.W.2d 712, 715 (Tex. App.--El
Paso 1984, no writ) (compliance with statute shown where citation was delivered to corporation's
registered agent for service, CT Corporation, by delivering to CT Corporation's registered agent
for service, Mary Lou Boring).

 By failing to establish precisely who T.W. is, Winiarz has not shown that CT
Corporation was properly served with citation. By failing to show that CT Corporation was
properly served, Winiarz likewise has not demonstrated that Natkin was properly served. 
Accordingly, personal jurisdiction over Natkin did not attach, and the default judgment is invalid. 
I would reverse the trial court's judgment and remand the cause for a new trial.



 
 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Filed: June 29, 2000

Publish

1. The rule for service of process on a domestic corporation is substantially the same. See
Tex. Bus. Corp. Act Ann. art. 2.11(A) (West 1980).
2. Winiarz does not contend that he served, or made an attempt to serve, Natkin's president
or any vice president.
3. The record does affirmatively reflect that the initials of CT Corporation's registered agent
for service are not "T.W."


d mail as authorized by Rule 106, the return by the officer or
authorized person must also contain the return receipt with the addressee's signature." Tex. R.
Civ. P. 107. Nothing in the rules indicate that our otherwise strict requirements for service of
process are relaxed when service is effected by mail. Indeed, the cases are uniformly to the
contrary, continuing to insist on strict adherence. See Hollister v. Palmer Indep. Sch. Dist., 958
S.W.2d 956, 958-59 (Tex. App.--Waco 1998, no pet.); Laidlaw Waste Systems, Inc. v. Wallace,
944 S.W.2d 72, (Tex. App.--Waco 1997, writ denied); Bronze & Beautiful, Inc., 750 S.W.2d at
29 ("To show proper service on a corporation by certified mail, the return receipt must be signed
by the corporation's president, vice-president, or registered agent."); American Bankers Ins. Co.,
749 S.W.2d at 197; American Universal Ins. Co., 725 S.W.2d at 765; Pharmakinetics Labs.,
Inc., 717 S.W.2d at 706.

 Finally, it is irrelevant that Natkin admittedly knew about the lawsuit and that
citation was forwarded from CT Corporation to Natkin's general counsel. The supreme court has
squarely held that "a default judgment is improper against a defendant who has not been served
in strict compliance with law, even if he has actual knowledge of the lawsuit." Wilson v. Dunn,
800 S.W.2d at 83 (emphasis added); see Verlander Enters., Inc. v. Graham, 932 S.W.2d 259,
262 (Tex. App.--El Paso 1996, no writ).

 Because service is otherwise insufficient on CT Corporation, the only way this
Court can sustain the default judgment here is to hold that the requirements for service on CT
Corporation were relaxed because it was acting as a registered agent for service for another
corporation. This is what the majority does when it holds that T.W.'s identity is "superfluous and
irrelevant" to establish sufficiency of service on CT Corporation. This proposition is at odds with
the plain language of article 8.10, and I believe that neither precedent nor our rules of procedure
support the majority's conclusion.topwords_en.txt"
 enablePositionIncrements="true"
 />