11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Interstate Motor Carriers

Appellant

Vs.                   No.  11-01-00405-CV B
Appeal from Taylor County

Film Vehicle Services

Appellee

 

Interstate Motor Carriers (Interstate) is before
us on a restricted appeal from a default judgment granted in favor of Film
Vehicle Services (FVS).  Because the
judgment was rendered without proper service of process, we reverse and remand.


FVS sued Interstate on April 23, 2001, for
negligent use of a tractor-trailer rig which resulted in a motor vehicle
accident.  Citation was issued by
certified mail on April 23, 2001.  FVS=s petition requested
service of process by certified mail with return receipt.  The citation was addressed to AInterstate Motor Carriers,
4201 Utica Sellersburg Rd., Jeffersonville, In 47130.@  The
return was signed AMary
Shoemaker@ and printed
as AM. Shoemaker.@  There was no indication of Shoemaker=s capacity.

When the case was called to trial on June 22,
2001, Interstate did not appear and did not file an answer.  FVS then moved for entry of a default
judgment.  A default judgment
certificate was included in the record which certified the last known address
of the company but which did not mention a registered agent for service or any
individual=s
name.  On June 22, 2001, a final
judgment was entered against Interstate. 
The judgment recited that all persons and entities entitled to citation
were properly cited.  The trial court
awarded FVS a judgment of $27,068.

In a single point of error, Interstate contends
that the default judgment should be reversed because FVS did not strictly
comply with the Texas Rules of Civil Procedure governing service.  We agree.








A restricted appeal is a direct attack.  A default judgment cannot withstand a direct
attack by a defendant who shows that he was not served in strict compliance
with the Texas Rules of Civil Procedure. 
Primate Construction, Inc. v. Silver, 884 S.W.2d 151, 152 (Tex.1994).

The Business Corporation Act permits service on
the corporation=s
president, vice president, and the registered agent.  TEX. BUS. CORP. ACT. ANN. art. 2.11(A) (Vernon 1980).  When serving an agent for a corporation or
other entity, the citation must affirmatively show that the individual served
is in fact the agent for service. 
Pharmakinetics Laboratories, Inc. v. Katz, 717 S.W.2d 704,706 (Tex.App.
- San Antonio 1986, no writ).

The green card was signed by AMary Shoemaker,@ but there is neither an
indication of Shoemaker=s
title or position nor an affirmative showing that she was an authorized
individual to receive service for Interstate. 
With no affirmative showing that AMary
Shoemaker@ was an
authorized individual to receive service on behalf of Interstate, we must
conclude that service was improper.  We
sustain Interstate=s
point of error.  

We reverse the default judgment and remand the
cause for further proceedings.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

August 8, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.