COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



SOUTHWESTERN SECURITY
SERVICES, INC.,

                           Appellant,

v.

EVA Y. GAMBOA,

                       
 Appellee.

§

§

§

§

§
§



No. 08-04-00234-CV

Appeal from the

205th District Court

of El Paso County, Texas

(TC#2003-657)




O P I N I O N

           This is a restricted appeal from the trial court’s entry of a default judgment against
Appellant. For the reasons stated herein, we reverse the trial court’s finding and remand this
case to the trial court for further proceedings below.
I. FACTUAL AND PROCEDURAL HISTORY
           On February 20, 2003, Appellee filed an original petition alleging employment
discrimination against Appellant, Southwestern Security Services, Inc. On February 24,
2003, the trial court signed an order authorizing service authorizing a private process serving
firm to serve Appellant in this cause by serving Appellant’s registered agent Jesus Morales. 
 On February 27, 2003, the citation was issued, providing for service by certified mail. The
document reflects that the documents were mailed on February 28, 2003 to Southwest
Security Serv. Inc., Jesus Morales, agent, with a return of service on March 17, 2003. The
“green card” reflecting the receipt for delivery of the citation and petition, addressed to
Southwestern Security Services, Inc., Jesus Morales, 505 East Washington St., Brownsville,
TX 78521, but signed by a Guillermo Montes, is attached to the return.
           Appellant did not appear or file an answer. On January 22, 2004, the trial court
entered a default judgment against Appellant. On July 22, 2004, Appellant filed its notice
of restricted appeal.
II. ISSUE ON APPEAL
           In a sole issue, Appellant challenges the court’s entry of a default judgment against
it on the grounds that the trial court lacked jurisdiction over Appellant because the service
of process was defective. Appellant contends that the delivery by certified mail of the
citation and original petition was not sufficient to confer jurisdiction on the trial court
because the return receipt was signed by someone other than the registered agent for the
corporation. For the reasons stated below, we agree.
III. DISCUSSION
           The rule has been firmly established in this state that a default judgment cannot
withstand direct attack by a defendant who complains that he was not served in strict
compliance with applicable requirements. See, e.g., Wilson v. Dunn, 800 S.W.2d 833, 836
(Tex. 1990); Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex.
1985) (per curiam); McKanna v. Edgar, 388 S.W.2d 927, 929 (Tex. 1965); All Commercial
Floors, Inc. v. Barton & Rasor, 97 S.W.3d 723, 726 (Tex. App.--Fort Worth 2003, no pet.). 
Likewise, there are no presumptions in favor of valid issuance, service, and return of citation
in the face of a direct attack on a default judgment. Uvalde Country Club, 690 S.W.2d at
885; All Commercial Floors, Inc., 97 S.W.3d at 726; Benefit Planners, L.L.P. v. RenCare,
Ltd., 81 S.W.3d 855, 858 (Tex. App.--San Antonio 2002, pet. denied). Lack of compliance
with the Texas Rules of Civil Procedure renders the attempted service of process invalid and
of no effect. Wilson, 800 S.W.2d at 836-37; All Commercial Floors, Inc., 97 S.W.3d at 726; 
Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d 72, 74 (Tex. App.--Waco 1997, writ
denied).
           A return of a citation served by registered or certified mail must contain the return
receipt with the addressee’s signature. See Tex. R. Civ. P. 107; Keeton v. Carrasco, 53
S.W.3d 13, 19 (Tex. App.--San Antonio 2001, pet. denied). If the return receipt is not signed
by the addressee, the service of process is defective. Keeton, 53 S.W.3d at 19; see Webb v.
Oberkampf Supply of Lubbock, Inc., 831 S.W.2d 61, 64 (Tex. App.--Amarillo 1992, no writ)
(return receipt not signed by addressee); Pharmakinetics Laboratories, Inc. v. Katz, 717
S.W.2d 704, 706 (Tex. App.--San Antonio 1986, no writ) (return receipt signed by Charlotte
Young but addressee was Pharmakinetics Laboratories, Inc. c/o Steve Woodman). In this
case, the return receipt was signed by Guillermo Montes. Guillermo Montes was not the
addressee, therefore, the service of process was defective.
           Under Rule 107, when a citation is served by registered or certified mail as authorized
under Rule 106, the return by the officer or authorized person must contain the return receipt
with the addressee’s signature. Tex. R. Civ. P. 107. In Pharmakinetics Laboratories, Inc. v.
Katz, the court held that a domestic return receipt signed by Charlotte Young, while the name
of the appointee designated to receive service for defendant was listed as Steve Woodman,
was invalid. Pharmakinetics Laboratories, Inc., 717 S.W.2d at 706. The discrepancy
rendered service of process invalid since the record on its face showed that the return was
not signed by the person appointed. Id.; see also Keeton, 53 S.W.3d at 19 (holding service
of process defective when the return receipt is not signed by the addressee); Bronze &
Beautiful, Inc. v. Mahone, 750 S.W.2d 28, 29 (Tex. App.--Texarkana 1988, no writ) (holding
service of process defective when the receipt card was signed by someone who was not the
registered agent).
           Here, the domestic return receipt appears to be signed by “Guillermo,” with an
apparent last name of Montes. Jesus Morales is the individual designated to receive service
for Southwestern Security Services, Inc. Just as in Pharmakinetics Laboratories, Inc., the
record on its face shows that the return was not signed by the addressee or registered agent.
All Commercial Floors, Inc., 97 S.W.3d at 726-27. We recognize that a corporation is not
a person capable of accepting process, and it must be served through its agents. Id. at 727;
see Wohler v. La Buena Vida in Western Hills, Inc., 855 S.W.2d 891, 892 (Tex. App.--Fort
Worth 1993, no writ) (holding that delivery of citation is proper when delivered to a party
capable of receiving it); Curry Motor Freight, Inc. v. Ralston Purina Co., 565 S.W.2d 105,
106 (Tex. Civ. App.--Amarillo 1978, no writ). The trial court issued an order authorizing
service on the corporation by “serving its registered agent, Jesus Morales.” Because the
record shows on its face that the return was not signed by the addressee or registered agent
and Southwestern Security Services Inc. is not capable of receiving service, Appellee has
failed to strictly comply with Rule 107. We sustain Appellant’s only issue.
           Having sustained Appellant’s sole issue on review, we reverse the judgment of the
trial court and remand this case for further proceedings in conformance with our decision.
 
                                                                  RICHARD BARAJAS, Chief Justice
August 4, 2005

Before Barajas, C.J., McClure, and Chew, JJ.