COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-268-CV

 

 

DAVID H. ARRINGTON                                                       APPELLANTS

OIL & GAS, INC.                                                                                 

 

                                                   V.

 

MAC A. COALSON,                                                              APPELLEES

GREG T. COALSON AND 

HARDEN RANCH, INC.

                                              ------------

 

             FROM THE 43RD
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








In one issue, Appellant David H. Arrington Oil
and Gas, Inc. (AArrington@)
appeals the default judgment granted in favor of Appellees Mac A. Coalson, Greg
T. Coalson, and Harden Ranch, Inc. (collectively AHarden Ranch@).  We reverse and remand. 

II. Factual and Procedural History

On January 25, 2007, Harden Ranch filed a
petition seeking a declaratory judgment that their oil and gas lease with
Arrington had terminated under the terms of the lease.  On January 26, 2007, the Parker County
District Clerk issued a citation directed to ADavid H.
Arrington Oil & Gas, Inc., by serving David H. Arrington, President.@  The District Clerk attempted to serve
Arrington=s president or registered agent
via United States certified mail, return receipt requested.








On February 5, 2007, the return receipt was
signed by AC. Wilson.@[2]  Upon receiving the return receipt, the
District Clerk attached the return receipt to the return of citation form.  As shown in the original clerk=s
record, the clerk=s signature lines on the return
of service portion of the citation are obscured by the certified mail receipt
attached to it.  Therefore, to determine
if the return of citation form was properly completed or signed by the clerk,
Arrington requested a supplemental clerk=s
record.  The supplemental clerk=s record
showed that the District Clerk made no return of service of the citation and
did not officially sign the return; the return receipt was simply attached to
the incomplete form.

Harden Ranch filed a motion for default judgment
on February 27, 2007 when Arrington failed to appear or answer.  On February 28, 2007, the trial court granted
the default judgment.  On May 1, 2007,
Harden Ranch filed a motion for partial nonsuit.  On the same day, the trial court granted the
motion for partial nonsuit, thereby making the judgment final.  Arrington did not participate, in person or
through counsel, in either hearing. 
Additionally, Arrington did not timely file a postjudgment motion, a
request for findings of fact and conclusions of law, or a notice of
appeal.  

On August 2, 2007, within six months of the
judgment becoming final, Arrington filed this restricted appeal.

III. Standard of Review








A direct attack on a judgment by restricted
appeal must: (1) be brought within six months after the trial court signs the
judgment; (2) by a party to the suit; (3) who did not participate in the
hearing that resulted in the judgment, or file a timely postjudgment motion,
request for findings of fact and conclusions of law, or notice of appeal; and
(4) raise error that is apparent on the face of the record.  Tex.
R. App. P. 26.1(c), 30; GMR Gymnastics Sales, Inc. v. Walz, 117
S.W.3d 57, 58-59 (Tex. App.CFort
Worth 2003, pet. denied) (citing Quaestor Invs., Inc. v. State of Chiapas, 997
S.W.2d 226, 227 (Tex. 1999)).      Arrington has met the first three criteria;
thus, the only remaining question is whether he raised an error that is
apparent on the face of the record. 
Arrington claims the defective service satisfies the fourth requirement.

IV. Whether there was an error apparent on the
face of the record?

In Arrington=s sole
issue, he contends that Harden Ranch failed to strictly comply with the
requirements of proper service, an error that is apparent on the face of the
record.  Specifically, Arrington argues
that the District Clerk did not complete the return of service form or
officially sign the return.

The rule has been firmly established in this
state that a default judgment cannot withstand direct attack by a defendant who
complains that he was not served in strict compliance with applicable
requirements.  Wilson v. Dunn, 800
S.W.2d 833, 836 (Tex. 1990); Sw. Sec. Serv., Inc., v. Gamboa, 172 S.W.3d
90, 92 (Tex. App.CEl Paso 2005, no pet.).  Likewise, there are no presumptions in favor
of valid issuance, service, and return of citation in the face of a direct
attack on a default judgment. Uvalde Country Club v. Martin Linen Supply
Co., 690 S.W.2d 884, 885 (Tex. 1985); Gamboa, 172 S.W.3d at 92.  Lack of compliance with the Texas Rules of
Civil Procedure renders the attempted service of process invalid and of no
effect.  Wilson, 800 S.W.2d at
836-37; Gamboa, 172 S.W.3d at 92. 









The issue is whether a postal return receipt can
be substituted for a completed officer=s
return.  Under Rule 107, when a citation
is served by registered or certified mail as authorized by Rule 106, the return
by the officer or authorized person must also contain the return receipt with
the addressee=s signature.  See Tex.
R. Civ. P. 106, 107; Gamboa, 172 S.W.3d at 92.  The officer=s return
at the bottom of the citation must be filled out and completed; a postal return
receipt card alone will not support a default judgment.  See Tex.
R. Civ. P. 107; Gamboa, 172 S.W.3d at 92.  Chase Manhattan Mort. Corp. v. Windsor, No.
2-05-427-CV, 2006 WL 1174209, at *1 (Tex. App.CFort
Worth May 4, 2006, no pet.). 

In this case, the District Clerk attached the
postal return receipt in lieu of completing the return, and therefore, the
service of citation failed to strictly comply with Rule 107.  Chase Manhattan, 2006 WL 1174209, at
*1; see also e.g. Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d
72, 75 (Tex. App.CWaco 1997, writ denied).  Although it is the District Clerk=s
responsibility to properly complete the return, it is still the responsibility
of the one requesting service to see that service is properly
accomplished.  Laidlaw Waste, 944
S.W.2d at 74 (citing Primate Constr., Inc. v. Silver, 884 S.W.2d 151,
152 (Tex. 1994)).  This responsibility
extends to assuring that service is properly reflected in the record.  Id.








In conclusion, because the record affirmatively
shows that the service of citation on Arrington failed to strictly comply with
Rule 107, we hold that this is an error that is apparent on the face of the
record and will not support the default judgment.  See Gamboa, 172 S.W.3d at 92.  Accordingly, we sustain Arrington=s only
issue.   

V. Conclusion

Having
sustained Arrington=s sole issue, we reverse
the judgment of the trial court, and remand the case to the trial court for
further proceedings in conformance with our decision.  See id.                                                                                                                                                                                                 PER
CURIAM

 

PANEL F:    MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: March 13, 2008

 

 











[1]See Tex. R. App. P. 47.4.





[2]There is no evidence in
the record that AC. Wilson@ is an authorized agent
of Arrington.