

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-268-CV

DAVID H. ARRINGTON                                      APPELLANTS
OIL & GAS, INC.

V.

MAC A. COALSON,                                          APPELLEES
GREG T. COALSON AND
HARDEN RANCH, INC.

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In one issue, Appellant David H. Arrington Oil and Gas, Inc. ("Arrington")

appeals the default judgment granted in favor of Appellees Mac A. Coalson,

---

[1]*See* TEX. R. APP. P. 47.4.

Greg T. Coalson, and Harden Ranch, Inc. (collectively "Harden Ranch"). We reverse and remand.

## II. Factual and Procedural History

On January 25, 2007, Harden Ranch filed a petition seeking a declaratory judgment that their oil and gas lease with Arrington had terminated under the terms of the lease. On January 26, 2007, the Parker County District Clerk issued a citation directed to "David H. Arrington Oil & Gas, Inc., by serving David H. Arrington, President." The District Clerk attempted to serve Arrington's president or registered agent via United States certified mail, return receipt requested.

On February 5, 2007, the return receipt was signed by "C. Wilson."[2] Upon receiving the return receipt, the District Clerk attached the return receipt to the return of citation form. As shown in the original clerk's record, the clerk's signature lines on the return of service portion of the citation are obscured by the certified mail receipt attached to it. Therefore, to determine if the return of citation form was properly completed or signed by the clerk, Arrington requested a supplemental clerk's record. The supplemental clerk's record showed that the District Clerk made no return of service of the citation

---

[2]There is no evidence in the record that "C. Wilson" is an authorized agent of Arrington.

2

and did not officially sign the return; the return receipt was simply attached to the incomplete form.

Harden Ranch filed a motion for default judgment on February 27, 2007 when Arrington failed to appear or answer. On February 28, 2007, the trial court granted the default judgment. On May 1, 2007, Harden Ranch filed a motion for partial nonsuit. On the same day, the trial court granted the motion for partial nonsuit, thereby making the judgment final. Arrington did not participate, in person or through counsel, in either hearing. Additionally, Arrington did not timely file a postjudgment motion, a request for findings of fact and conclusions of law, or a notice of appeal.

On August 2, 2007, within six months of the judgment becoming final, Arrington filed this restricted appeal.

### III. Standard of Review

A direct attack on a judgment by restricted appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment, or file a timely postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal; and (4) raise error that is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *GMR Gymnastics Sales, Inc. v. Walz,* 117 S.W.3d 57, 58-59 (Tex. App.—Fort Worth 2003, pet. denied) (citing

3

*Quaestor Invs., Inc. v. State of Chiapas,* 997 S.W.2d 226, 227 (Tex. 1999)).

Arrington has met the first three criteria; thus, the only remaining question is whether he raised an error that is apparent on the face of the record. Arrington claims the defective service satisfies the fourth requirement.

**IV. Whether there was an error apparent on the face of the record?**

In Arrington's sole issue, he contends that Harden Ranch failed to strictly comply with the requirements of proper service, an error that is apparent on the face of the record. Specifically, Arrington argues that the District Clerk did not complete the return of service form or officially sign the return.

The rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex. 1990); *Sw. Sec. Serv., Inc., v. Gamboa,* 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005, no pet.). Likewise, there are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex. 1985); *Gamboa,* 172 S.W.3d at 92. Lack of compliance with the Texas Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Wilson,* 800 S.W.2d at 836-37; *Gamboa,* 172 S.W.3d at 92.

4

The issue is whether a postal return receipt can be substituted for a completed officer's return. Under Rule 107, when a citation is served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature. *See* TEX. R. CIV. P. 106, 107; *Gamboa,* 172 S.W.3d at 92. The officer's return at the bottom of the citation must be filled out and completed; a postal return receipt card alone will not support a default judgment. *See* TEX. R. CIV. P. 107; *Gamboa,* 172 S.W.3d at 92. *Chase Manhattan Mort. Corp. v. Windsor,* No. 2-05-427-CV, 2006 WL 1174209, at *1 (Tex. App.—Fort Worth May 4, 2006, no pet.).

In this case, the District Clerk attached the postal return receipt in lieu of completing the return, and therefore, the service of citation failed to strictly comply with Rule 107. *Chase Manhattan,* 2006 WL 1174209, at *1; *see also e.g. Laidlaw Waste Sys., Inc. v. Wallace,* 944 S.W.2d 72, 75 (Tex. App.—Waco 1997, writ denied)*.* Although it is the District Clerk's responsibility to properly complete the return, it is still the responsibility of the one requesting service to see that service is properly accomplished. *Laidlaw Waste,* 944 S.W.2d at 74 (citing *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex. 1994)). This responsibility extends to assuring that service is properly reflected in the record. *Id.*

In conclusion, because the record affirmatively shows that the service of citation on Arrington failed to strictly comply with Rule 107, we hold that this is an error that is apparent on the face of the record and will not support the default judgment. *See Gamboa,* 172 S.W.3d at 92. Accordingly, we sustain Arrington's only issue.

## V. Conclusion

Having sustained Arrington's sole issue, we reverse the judgment of the trial court, and remand the case to the trial court for further proceedings in conformance with our decision. *See id*.

PER CURIAM

PANEL F:  MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: March 13, 2008