

# NUMBER 13-09-00172-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

A & A EXPRESS,                                                                    **Appellant,**

**v.**

TRIUMPH TRANSPORTATION, LLC D/B/A
CONTAINER SERVICES AND GENE HILL,
INDIVIDUALLY,                                                                    **Appellee.**

### On appeal from the 216th District Court
### of Kerr County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Chief Justice Valdez**

In this restricted appeal, appellant, A & A Express, challenges the trial court's no-
answer default judgment in favor of appellees, Triumph Transportation, LLC d/b/a

Container Services and Gene Hill, individually (collectively "Triumph"). By three issues, A & A Express argues that: (1) the trial court erroneously granted default judgment in favor of Triumph because Triumph failed to properly serve A & A Express; (2) the evidence supporting the damages awarded in the default judgment is legally and factually insufficient; and (3) the trial court erred in calculating pre- and post-judgment interest. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 2006, a tractor-trailer owned by A & A Express and driven by Andrew Salvatore Randazzo collided with a tractor-trailer owned by Triumph and driven by Donald Wayne Hill.[1] On July 7, 2008, Triumph brought suit against A & A Express and Randazzo for damages resulting from the collision.

Triumph mailed a copy of a citation for service to A & A Express via certified mail on July 8, 2008. *See* TEX. R. CIV. P. 106(a)(2). The citation was sent to "A & A Express, Herender Handal, 212247 Morningdew Ct., Turlock, CA 95382," which appears to be the wrong address.[2] It was delivered on July 14, 2008, and was signed for by "B.K. Hundal" and "B.H. Hundal."[3]

A & A Express did not file an answer in the trial court. On December 16, 2008, the trial court signed an order severing Triumph's claims against A & A Express from the

---

[1] Neither Randazzo nor Donald Wayne Hill are parties to this appeal.

[2] Triumph's original petition stated that A & A Express could be served with process by serving "Herender Handal, 2147 Morningdew Court, Turlock, California 95382, by certified mail, return receipt requested."

[3] In fact, on the signature line of the return receipt, the recipient signed his name as "B.K. Hundal"; however, on the portion of the receipt requiring the recipient to print their name, the recipient printed his name as "B.H. Handal."

2

causes of action against Randazzo and entered a default judgment against A & A Express. The default judgment awarded $82,950 and $15,150.81 in actual damages to Triumph and Gene Hill, respectively. In addition, the court awarded pre- and post-judgment interest and all court costs to appellees.

## II. RESTRICTED APPEAL

To attack a trial court's judgment by restricted appeal, A & A Express must show that: (1) a notice of appeal was filed within six months of the date of when the complained-of judgment was signed; (2) A & A Express was a party to the suit who did not participate in the hearing that resulted in the judgment or order; (3) A & A Express did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under Texas Rule of Appellate Procedure 26.1(a)[4]; and (4) the complained-of error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *see also Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi 2007, no pet.).

A & A Express, a named party to the lawsuit, filed its notice of appeal within six months of the date that the trial court signed the order granting Triumph's default judgment. Further, the record does not reflect that A & A Express filed any post-judgment motions, requests for findings of fact and conclusions of law, or a timely notice of appeal within the context of rule 26.1(a). *See* TEX. R. APP. P. 26.1(a). Finally, as addressed below, the

---

[4] Rule 26.1(a) of the Texas Rules of Appellate Procedure provides that a notice of appeal must be filed within ninety days after the judgment has been signed if any party timely filed: (1) a motion for a new trial; (2) a motion to modify the judgment; (3) a motion to reinstate under Texas Rule of Civil Procedure 165(a); or (4) a request for findings of fact and conclusions of law if such a request was required by the rules of civil procedure or could be properly considered by the appellate court. *See* TEX. R. APP. P. 26.1 (a). Here, A & A Express did not file any motions or make any request outlined in rule 26.1(a). *See id.*

complained-of error, a defect in the service of citation, is apparent from the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (stating that, for purposes of restricted appeals, the face of the record consists of all the papers on file in the appeal). Thus, A & A Express has satisfied each of the elements for obtaining relief through this restricted appeal.

## III. THE SERVICE DEFECT

In its first issue, A & A Express argues that the trial court erred in granting default judgment because the record does not demonstrate that A & A Express was properly served. Specifically, A & A Express asserts that the record does not reflect that it could lawfully be served through Herender Handal. In addition, A & A Express argues that the record does not demonstrate that Handal was actually served, as evidenced by the return receipt signed by an unknown "B.K. Hundal" or "B.H. Hundal."

### A. Applicable Law

"Strict compliance with the rules for service of citation [must] affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Failure to comply with the rules governing service of citation constitutes error on the face of the record. *Id.* at 153 ("Proper service not being affirmatively shown, there is error on the face of the record, and the court of appeals erred in holding otherwise."); *see Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (per curiam). "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment." *Silver*, 884 S.W.2d at 152; *see Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007) (per curiam); *see also Maib v. Maib*, No. 13-08-00413-CV, 2009 Tex. App. LEXIS 4135, at *4

4

(Tex. App.–Corpus Christi June 11, 2009, no pet.) (mem. op.) (citing *Wachovia Bank of Del., Nat'l Ass'n v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007) (per curiam)). Rather, when a default judgment is entered, we will "rigidly enforce the rules governing service," because

> "the only ground supporting the judgment is that the defendant has failed to respond to the action in conformity with the applicable procedure for doing so. If the defendant can then show that the person commencing the action was guilty of comparable nonconformity with procedure rules, under a principle of equality the derelictions offset each other . . . ."

*Festina*, 226 S.W.3d at 408 (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990)). "Moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985).

Under rule 107, when a citation is served by registered or certified mail as authorized under rule 106, the return by the officer or authorized person must contain the return receipt with the addressee's signature. *See* TEX. R. CIV. P. 106, 107; *see also Sw. Sec. Serv., Inc. v. Gamboa,* 172 S.W.3d 90, 93 (Tex. App.–El Paso 2005, no pet.) (concluding that service directed to a registered agent named "Jesus Morales" was invalid when signed for by "Guillermo Montes"); *All Commercial Floors, Inc.*, 97 S.W.3d at 727 (holding that a return receipt signed by "Mark," with an illegible last name, was invalid, given that Kelly Lynn Arreola was the individual designated to receive service for the defendant); *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.–San Antonio 2001, pet. denied) (holding service of process defective when the return receipt was not signed by the addressee); *Bronze & Beautiful, Inc. v. Mahone*, 750 S.W.2d 28, 29 (Tex. App.–Texarkana 1988, no writ) (holding that service of process defective when the receipt card was signed by someone who was not the registered agent).

5

## B.   Discussion

While the return of service was signed by "B.K. Hundal" and "B.H. Hundal," the record does not establish who the recipient is or his or her relationship with A & A Express. We cannot presume that "B.K. Hundal" or "B. H. Hundal" were authorized to accept service on A & A Express's behalf without evidence in the record supporting such a presumption. *See* TEX. R. CIV. P. 107; *Silver*, 884 S.W.2d at 152; *Festina*, 226 S.W.3d at 407; *see also Maib*, 2009 Tex. App. LEXIS 4135, at *4. Moreover, Triumph, in its original petition, stated that A & A Express's authorized agent is "Herender Handal," not "B.K. Hundal" or "B. H. Hundal." Furthermore, the service address indicated on the citation does not correspond to the address for A & A Express's authorized agent for service, as contained in Triumph's original petition.

Thus, the record fails to show that Triumph served an authorized agent of A & A Express. Triumph did not strictly comply with the rules for service of citation; therefore, Triumph's attempt to serve A & A Express was "invalid and of no effect." *See* TEX. R. CIV. P. 107; *see also Uvalde Country Club*, 690 S.W.2d at 855; *Gamboa*, 172 S.W.3d at 93; *All Commercial Floors, Inc.*, 97 S.W.3d at 727; *Keeton*, 53 S.W.3d at 19; *Bronze & Beautiful, Inc.*, 750 S.W.2d at 29; *Katz*, 717 S.W.2d at 706. We hold that the trial court erred in granting a default judgment in favor of Triumph. *See Lejeune*, 297 S.W.3d at 256; *Silver*, 884 S.W.2d at 153; *see also Alexander*, 134 S.W.3d at 848; *Fredricks*, 235 S.W.3d at 278. A & A Express's first issue on appeal is sustained.

## IV. CONCLUSION

Because we have sustained A & A Express's first issue, we need not address its

other issues on appeal.  *See* Tᴇx. R. Aᴘᴘ. P. 47.1.  We therefore reverse and remand for proceedings consistent with this opinion.

_____

                    ROGELIO VALDEZ
                    Chief Justice

Delivered and filed the
15th day of July, 2010.