NUMBER 13-08-00676-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LANDMARK ORGANIZATION, L.P., Appellant,


v.

 

SUNBELT AIR CONDITIONING AND

REFRIGERATION SERVICE, INC., Appellees.

 
 

On appeal from the 275th District Court

 of Hidalgo County, Texas.

 


 MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

 Memorandum Opinion by Chief Justice Valdez


 Appellant, Landmark Organization, L.P. ("Landmark"), brings this restricted appeal
complaining about a no-answer default judgment entered in favor of appellee, Sunbelt Air
Conditioning & Refrigeration Service, Inc. ("Sunbelt"). See Tex. R. App. P. 30. By two
issues, Landmark contends that the trial court erred in entering the no-answer default
judgment because the face of the record: (1) fails to demonstrate that Landmark was
properly served by Sunbelt; and (2) shows that the return of service did not comply with
Texas Rule of Civil Procedure 107, primarily the provisions requiring the return of service
to be signed, verified, and filed with the trial court ten days prior to the default judgment
hearing. See Tex. R. Civ. P. 107. We reverse the judgment of the trial court and remand
for further proceedings consistent with this opinion.

I. Factual and Procedural Background

 The underlying dispute pertains to a contract between Sunbelt, a subcontractor, and
Landmark, a general contractor, wherein Sunbelt agreed to provide labor and materials for
the installation of heating, ventilation, and air conditioning systems for three schools in the
Weslaco Independent School District. On June 5, 2007, Sunbelt filed its original petition
asserting a breach of contract cause of action, among other claims, against Landmark. In
its original petition, Sunbelt asserted that Landmark had agreed to pay Sunbelt $1,828,600
for materials and labor associated with the projects and that Landmark had not paid
Sunbelt $91,430 for labor and materials provided to the projects. (1) 

 Prior to the filing of its original petition, counsel for Sunbelt sent a letter to the
Hidalgo County District Clerk's Office requesting "one copy of process for service" to be
issued to "Landmark Organization, L.P. for service upon its registered agent, W. Lee
Choate, 93 Red River, Austin, Texas 78701, for service by certified mail, return receipt
requested." A citation of service was mailed to Landmark's registered agent on June 7,
2007, by certified mail, return receipt requested. The record contains a form issued by the
United States Postal Service indicating that the citation of service: (1) was delivered to "93
Red River" on June 11, 2007; and (2) was signed for by "M. Krier."

 Despite Sunbelt's service efforts, Landmark did not timely file an original answer to
Sunbelt's June 5, 2007 original petition. Thus, on June 19, 2008, Sunbelt filed a motion
for default judgment and a motion to retain the case on the trial court's docket. (2) The trial
court held a hearing on Sunbelt's motions and subsequently granted Sunbelt's motion for
default judgment. (3) In its final default judgment signed on June 19, 2008, the trial court
awarded Sunbelt $91,430 in damages and $2,500 in attorney's fees.

 Subsequently, on October 7, 2008, Landmark filed an original answer in the trial
court generally denying all of the allegations contained in Sunbelt's original petition. (4) 
Landmark's original answer was filed by attorney Wanda J. Harkness, whose address is
406 Sterzing Street, Austin, Texas 78704. Later, Landmark filed a motion to substitute
counsel, W. Lee Choate and Susan A. Swete, for Harkness. In its motion to substitute
counsel, Landmark indicates that the address for Choate and Swete is: "93 Red River[;]
Austin, Texas 78701." The trial court granted Landmark's motion to substitute counsel. 
Shortly thereafter, Landmark timely filed its notice of restricted appeal. See Tex. R. App.
P. 25.1(d)(7), 26.1(c), 30.

II. Restricted Appeal

 To attack a trial court's judgment by restricted appeal, Landmark must show that: 
(1) a notice of appeal was filed within six months of the date the complained-of judgment
was signed; (2) Landmark was a party to the suit who did not participate in the hearing that
resulted in the judgment or order; (3) Landmark did not timely file a post-judgment motion,
request findings of fact and conclusions of law, or file a notice of appeal within the time
permitted under Texas Rule of Appellate Procedure 26.1(a) (5); and (4) the complained-of
error is apparent from the face of the record. See Tex. R. App. P. 26.1(c), 30; see also
Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Tex. Dep't of Pub.
Safety v. Fredricks, 235 S.W.3d 275, 278 (Tex. App.-Corpus Christi 2007, no pet.).

 Landmark, a named party to the suit, filed its notice of appeal within six months of
the date that the trial court signed the order granting Sunbelt's default judgment. While we
do not have a reporter's record of the default judgment hearing, the trial court noted in its
final default judgment that: "The Defendant [Landmark], although having been duly and
legally cited to appear and answer, failed to appear and answer, and wholly made default." 
Further, the record does not reflect that Landmark filed any post-judgment motions,
requests for findings of fact and conclusions of law, or a timely notice of appeal within the
context of rule 26.1(a). See Tex. R. App. P. 26.1(a). Finally, as addressed below, the
complained-of error--a defect in the service of citation--is apparent from the face of the
record. See Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997)
(per curiam) (stating that the face of the record, for purposes of restricted appeals, consists
of all the papers on file in the appeal). Thus, we conclude that Landmark has satisfied
each element for obtaining relief through this restricted appeal.

III. The Service Defect

 In its first issue, Landmark argues that the trial court erred in granting default
judgment because the record does not demonstrate that Landmark was properly served. (6) 
Specifically, Landmark asserts that Sunbelt's service attempt was defective because the
service citation was signed for by an unknown "M. Krier," even though the record
demonstrates that W. Lee Choate was Landmark's registered agent for service. 

A. Applicable Law

 "Strict compliance with the rules for service of citation [must] affirmatively appear
on the record in order for a default judgment to withstand direct attack." Primate Constr.,
Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994). Failure to comply with the rules governing
service of citation constitutes error on the face of the record. Id. at 153 ("Proper service
not being affirmatively shown, there is error on the face of the record, and the court of
appeals erred in holding otherwise."); see Ins. Co. of State of Pa. v. Lejeune, 297 S.W.3d
254, 256 (Tex. 2009) (per curiam). "There are no presumptions in favor of valid issuance,
service, and return of citation in the face of a writ of error attack on a default judgment."
Silver, 884 S.W.2d at 152; see Hubicki v. Festina, 226 S.W.3d 405, 407 (Tex. 2007) (per
curiam); see also Maib v. Maib, No. 13-08-00413-CV, 2009 Tex. App. LEXIS 4135, at *4
(Tex. App.-Corpus Christi June 11, 2009, no pet.) (mem. op.) (citing Wachovia Bank of
Del., Nat'l Ass'n v. Gilliam, 215 S.W.3d 848, 850 (Tex. 2007) (per curiam)). Rather, when
a default judgment is entered, we will "rigidly enforce the rules governing service," because

 "the only ground supporting the judgment is that the defendant has failed to
respond to the action in conformity with the applicable procedure for doing
so. If the defendant can then show that the person commencing the action
was guilty of comparable nonconformity with procedure rules, under a
principle of equality the derelictions offset each other . . . ."


Festina, 226 S.W.3d at 408 (quoting Wilson v. Dunn, 800 S.W.2d 833, 837 (Tex. 1990)).
"Moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure
renders the attempted service of process invalid and of no effect." Uvalde Country Club
v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985).

 Under rule 107, when a citation is served by registered or certified mail as
authorized under rule 106, the return by the officer or authorized person must contain the
return receipt with the addressee's signature. See Tex. R. Civ. P. 106, 107; see also All
Commercial Floors, Inc. v. Barton & Rasor, 97 S.W.3d 723, 726 (Tex. App.-Fort Worth
2003, no pet.). Several Texas courts have held that a domestic return receipt signed by
a person not explicitly designated to receive service renders service invalid. See Sw. Sec.
Serv., Inc. v. Gamboa, 172 S.W.3d 90, 93 (Tex. App.-El Paso 2005, no pet.) (concluding
that service directed to a registered agent named "Jesus Morales" was invalid when signed
for by "Guillermo Montes"); All Commercial Floors, Inc., 97 S.W.3d at 727 (holding that a
return receipt signed by "Mark," with an illegible last name, was invalid, given that Kelly
Lynn Arreola was the individual designated to receive service for the defendant);
Pharmakinetics Labs., Inc. v. Katz, 717 S.W.2d 704, 706 (Tex. App.-San Antonio 1986,
no writ) (concluding that a return receipt signed by Charlotte Young was invalid, when the
name of the appointee designated to receive service for defendant was listed as Steve
Woodman); see also Keeton v. Carrasco, 53 S.W.3d 13, 19 (Tex. App.-San Antonio 2001,
pet. denied) (holding service of process defective when the return receipt was not signed
by the addressee); Bronze & Beautiful, Inc. v. Mahone, 750 S.W.2d 28, 29 (Tex.
App.-Texarkana 1988, no writ) (holding service of process defective when the receipt card
was signed by someone who was not the registered agent).

B. Discussion

 As noted earlier, the return of service indicated that "M. Krier" was served with a
copy of Sunbelt's original petition. The record does not indicate who "M. Krier" is or
whether this individual was authorized to accept service on behalf of Landmark. Instead,
the record clearly indicates that W. Lee Choate was authorized to accept service on
Landmark's behalf; thus, the return of service does not demonstrate that service was
effectuated on Landmark's authorized agent. Furthermore, we may not presume that "M.
Krier" was authorized to accept service on Landmark's behalf without evidence in the
record supporting such a presumption. See Tex. R. Civ. P. 107; Silver, 884 S.W.2d at 152;
Festina, 226 S.W.3d at 407; see also Maib, 2009 Tex. App. LEXIS 4135, at *4. 

 Moreover, we cannot say that Sunbelt complied with the service rules by including
Landmark's company name on the service of citation because a corporation is not a
person capable of accepting process. See Wohler v. La Buena Vida in Western Hills, Inc.,
855 S.W.2d 891, 892 (Tex. App.-Fort Worth 1993, no writ) (holding that delivery of citation
is proper only when delivered to a party capable of receiving it); see also All Commercial
Floors, Inc., 97 S.W.3d at 727 (noting that "a corporation is not a person capable of
accepting process, and it must be served through its agents"). Because the return of
service does not demonstrate that Sunbelt served an authorized agent of Landmark, we
conclude that Sunbelt has not complied with the rules of service set forth in the rules of civil
procedure and, therefore, Sunbelt's attempt to serve Landmark was "invalid and of no
effect." See Tex. R. Civ. P. 107; see also Uvalde Country Club, 690 S.W.2d at 885;
Gamboa, 172 S.W.3d at 93; All Commercial Floors, Inc., 97 S.W.3d at 727; Keeton, 53
S.W.3d at 19; Bronze & Beautiful, Inc., 750 S.W.2d at 29; Katz, 717 S.W.2d at 706. In
light of the foregoing, we further conclude Sunbelt's failure to strictly comply with the rules
governing service of citation constitutes error on the face of the record. See Silver, 884
S.W.2d at 153; see also Lejeune, 297 S.W.3d at 256. Accordingly, we hold that the trial
court erred in granting default judgment in favor of Sunbelt. See Lejeune, 297 S.W.3d at
256; Silver, 884 S.W.2d at 153; see also Alexander, 134 S.W.3d at 848; Fredricks, 235
S.W.3d at 278. We sustain Landmark's first issue on appeal.

IV. Conclusion

 Because we have sustained Landmark's first issue, we need not address its second
issue on appeal. See Tex. R. App. P. 47.1. We therefore reverse the trial court's default
judgment and remand for proceedings consistent with this opinion. 

 ROGELIO VALDEZ

 Chief Justice

 


Delivered and filed the 

15th day of July, 2010. 
1. Sunbelt also requested reasonable attorney's fees in its original petition. 
2. Sunbelt filed its motion to retain the case on the trial court's docket because it had been informed
by the trial court that the case was subject to dismissal for want of prosecution given that more than a year
had elapsed since Sunbelt filed its original petition on June 5, 2007, with no further action having been taken
in the case.
3. A copy of the reporter's record from the default judgment hearing is not included in the record before
us, and the record does not reflect that the trial court explicitly ruled on Sunbelt's motion to retain. In any
event, Landmark does not complain about that motion in this appeal. 
4. Landmark alleges on appeal that it first learned of Sunbelt's lawsuit when Sunbelt attempted to
enforce its default judgment. Upon learning about the lawsuit, Landmark filed its original answer in the trial
court.
5. Rule 26.1(a) of the Texas Rules of Appellate Procedure provides that a notice of appeal must be
filed within ninety days after the judgment has been signed if any party timely filed: (1) a motion for new trial;
(2) a motion to modify the judgment; (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or
(4) a request for findings of fact and conclusions of law if such a request was required by the rules of civil
procedure or could properly be considered by the appellate court. See Tex. R. App. P. 26.1(a). Here,
Landmark did not file any motions or make any request outlined in rule 26.1(a). See id.
6. Landmark filed its appellate brief in this matter on February 9, 2009. Sunbelt has not filed an
appellee's brief.