# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10921
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2016

Lyle W. Cayce
Clerk

BRUCE COPELAND,

Plaintiff - Appellant

v.

STATE FARM INSURANCE COMPANY; WELLINGTON INSURANCE
COMPANY; LIBERTY MUTUAL INSURANCE COMPANY,

Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-2440

Before ELROD, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The district court dismissed Bruce Copeland's defamation and tortious interference claims against the Liberty Mutual and Wellington Insurance companies, and granted summary judgment in favor of State Farm Insurance Company. We AFFIRM.

This diversity lawsuit arises out of an alleged employment contract between Bruce Copeland and a law firm owned by Alice Bonner of Houston,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10921

Texas.  Copeland, proceeding *pro se*, pled that Bonner hired him through a third party, "Mr. Cantrell," in March 2011 to do paralegal work.  After a tornado hit Lancaster, Texas, in April 2012, Copeland thought the disaster was a business opportunity.  He claimed that he and Cantrell found office space in Dallas and began to seek clients in need of legal assistance in filing claims with insurance companies.  Several months later, Copeland said he learned that Bonner denied hiring him and told clients and insurers that Copeland had stolen her identity.  Copeland contended that several insurance companies, which included Liberty Mutual, State Farm, and Wellington (collectively, "the defendants"), opened investigations into Copeland's contractual relationship with Bonner and declined to pay invoices for services Copeland performed.

In June 2013, Copeland filed this lawsuit against Bonner, the defendant insurance companies, and others.  In his second amended complaint,[1] Copeland alleged the defendants slandered him and tortiously interfered with his contract with Bonner.  At the outset, Copeland obtained a default against State Farm and Liberty Mutual, which the district court later set aside.  The claims against Liberty Mutual and Wellington were dismissed on a Rule 12(b)(6) motion.  The district court then granted summary judgment for State Farm and denied Copeland's motion.[2]  Copeland timely appealed.

## DISCUSSION

### I.     *Default*

Copeland first argues that the district court erred in setting aside the clerk's entry of default against Liberty Mutual and State Farm.  We review for

---

[1] Copeland filed several amended complaints.  The district court treated the second amended complaint as the operative complaint in this lawsuit.  We do the same.  The factual allegations in Copeland's various complaints are mostly similar.

[2] Copeland's claims against Bonner continue but are irrelevant to this appeal.

2

No. 15-10921

an abuse of discretion. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 559 (5th Cir. 2003). Findings of fact are subject to a clearly erroneous standard. *Id.* Non-exclusive factors relevant to determining whether default should be set aside include: "whether the failure to act was willful," "whether setting aside the default would prejudice the adversary," and "whether a meritorious claim has been presented." *Id.* at 563. The ultimate inquiry is whether a defendant can show "good cause" that default should be set aside. *Id.*; FED. R. CIV. P. 55(c).

Here, Copeland attempted to serve the defendants by certified mail. Under Texas law, service may be effectuated on a corporation's president, vice-president, or registered agent by certified mail. *See* FED. R. CIV. P. 4(e)(1), (h)(1)(A) (providing that service on a corporation is proper if executed in a manner that state law allows); TEX. R. CIV. P. 106(a); TEX. BUS. ORGS. CODE §§ 5.201, 5.255. In setting aside the clerk's entry of default, the district court held that Liberty Mutual was not properly served because someone other than the company's agent signed the return receipt. Under Texas law, when "the return receipt is not signed by the addressee, the service of process is defective." *Southwestern Sec. Servs., Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005, no pet.). We agree.

The district court also found there was a question as to whether service on State Farm was proper because the summons was not addressed to an agent. Regardless of the specific Texas procedure, the district court found that State Farm's failure to answer in a timely fashion was not "willful." The company's general counsel contacted Copeland once he was aware of the lawsuit to assist in making proper service on the company. The court also noted that both companies acted "swiftly" once they learned of the default, that setting aside default would not prejudice Copeland, and that both companies had colorable defenses to Copeland's claims.

3

No. 15-10921

The district court's findings as to willfulness are not clearly erroneous. Based on these facts, the district court did not abuse its discretion in setting aside the clerk's entry of default against Liberty Mutual and State Farm.

## II.    *Claims Against Liberty Mutual and Wellington*

The district court dismissed Copeland's defamation and tortious interference claims against Liberty Mutual and Wellington[3] on Rule 12(b)(6) grounds. We review such dismissals *de novo. True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009).

To state a defamation claim under Texas law, a plaintiff must plead facts showing that the defendant "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official . . . , or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Copeland's only allegation relevant to his defamation claim against Liberty Mutual and Wellington is that they "called the clients and made under [their] notice of *'investigation,'* directly engaged in conversation about Plaintiff Copeland *'stealing'* the identity of Defendant Bonner."[4] We understand him to allege that the companies and their insureds discussed Bonner's identity-theft accusation. This is not enough for the court to draw the reasonable inference that Liberty Mutual and Wellington are liable for defamation. At least one fatal defect is that there is

---

[3] In its brief, Wellington argues that the district court did not err in dismissing two additional claims alleged in Copeland's original complaint for intentional infliction of emotional distress and loss of good will. The second amended complaint, the operative complaint in this lawsuit, abandons those claims so we do not address them.

[4] Copeland also points to his allegation that the defendants were "contacting [clients] inquiring about their contract and what do they know about the partners in the law firm." On its face, though, this is not a defamatory statement made by the defendants about Copeland.

no allegation that the alleged defamatory statement was made with negligence regarding the truth of the statement, which is the third element of the claim. *See id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Copeland also asserted that Liberty Mutual and Wellington tortiously interfered with his contract with Bonner.[5] An essential element of such a claim under Texas law is that the defendant's injury must be the proximate result of the defendant's interference with an existing contract. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). Copeland, however, pled that the alleged interference by Liberty Mutual and Wellington occurred months after Bonner denied the existence of any contractual relationship with Copeland. Thus, the district court concluded that Liberty Mutual's and Wellington's actions "could not have proximately caused any injury to Copeland," and we agree.

On appeal, Copeland contends that Liberty Mutual and Wellington provided "no evidence" to support their motion and the district court erred in failing to consider documents attached to his original complaint. These arguments fail. A Rule 12(b)(6) inquiry is restricted to "the contents of the pleadings, including attachments thereto," so Liberty Mutual and Wellington were not required to submit evidence. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015). The attachments to Copeland's complaint, moreover, consist mostly of correspondence from Copeland to Bonner and do not clarify Copeland's claims. The district court did not err in dismissing Copeland's defamation and tortious interference claims against Liberty Mutual and Wellington.

---

[5] As the district court concluded, to the extent that Copeland's claim relates to the contracts between the clients and Bonner's law firm, Copeland does not have standing to allege a tortious interference claim because he is not a party to those contracts and the contracts were not made for his benefit. *See Ensley v. Cody Res., Inc.*, 171 F.3d 315, 320 (5th Cir. 1999).

No. 15-10921

*III.   Claims Against State Farm*

State Farm moved for summary judgment or, alternately, for judgment on the pleadings on Copeland's defamation and tortious interference claims. Copeland filed his own motion for summary judgment but did not respond to State Farm's motion. The district court denied Copeland's motion and granted summary judgment in favor of State Farm. We review summary judgment *de novo.  Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005).

Copeland first argues that the district court erred in denying his motion and in failing to consider the documents attached to his complaint. Denial of a motion for summary judgment is a nonfinal decision; it is not reviewable on appeal. Thus, we lack jurisdiction to consider this issue. *See Nerren v. Livingston Police Dep't*, 86 F.3d 469, 471–72 (5th Cir. 1996).

Copeland next asserts that State Farm's motion for summary judgment should not have been granted because it was unsupported by evidence. The absence of supporting evidence is not fatal to a summary judgment motion if it points out, validly, that the evidence in the record does not support a crucial element of a claim for which the nonmoving party has the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). More relevant here than summary judgment procedures, though, is that State Farm moved in the alternative for judgment on the pleadings. The only argument in the motion was that Copeland failed to state plausible claims. The district court's analysis also focused on the pleadings and not on evidence. Therefore, even though the district court stated that it granted summary judgment, we conclude that the better characterization is that the court granted State Farm's alternative motion under Rule 12(c). A judgment on the pleadings is reviewed *de novo* and is subject to the same standard as dismissal for failure to state a claim. *Doe v.*

6

*MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).[6]

The allegations in Copeland's complaint regarding the tortious interference claims are the same for all defendants. We have already concluded Copeland failed to plead that the defendants' actions were a proximate cause of his injury, an essential element of tortious interference under Texas law. *See Prudential Ins.*, 29 S.W.3d at 77. Judgment in favor of State Farm on Copeland's tortious interference claim was proper.

The final claim against State Farm was for defamation. At most, Copeland alleges that State Farm contacted a client and told him that Copeland had committed identity theft. We earlier identified the elements of a claim of defamation under Texas law. The district court correctly found that Copeland's complaint failed to state any non-conclusory allegation that State Farm made "any remarks with negligence regarding their truth," which is a necessary allegation for a claim of defamation. *See WFAA-TV*, 978 S.W.2d at 571. Because Copeland failed to allege this element of defamation, it was proper to enter judgment on the pleadings for State Farm on the claim.

*IV.   Costs*

Finally, Copeland argues that the district court erred in assessing costs against him. Rule 54(d)(1), however, allows a district court to award costs "other than attorney's fees . . . to the prevailing party" unless a federal statute, the civil rules, or a court order provides otherwise. FED. R. CIV. P. 54(d)(1). No such prohibition is at issue here.

AFFIRMED.

---

[6] Copeland also contends that the district court erred in setting a briefing schedule for summary judgment motions before allowing discovery. We do not address this issue, though, as under Rule 12(c), we look only to the pleadings. *See* FED. R. CIV. P. 12(c).