

## NUMBER 13-23-00084-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**BUC-EE'S LTD.,** Appellant,

v.

**DAVID DEGROOT,** Appellee.

### On appeal from the County Court at Law No. 9 of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Silva**

In this restricted appeal, appellant Buc-ee's Ltd. appeals a no-answer default judgment awarding appellee David DeGroot $70,000 in damages. In five issues, appellant argues (1) the record does not show strict compliance with the rules of service; (2) appellee failed to plead and provide prima facie proof that venue in Hidalgo County

was proper; (3) the trial court improperly awarded the recovery of attorney's fees; (4) there is no evidence to support the trial court's award for medical expenses incurred and to be incurred in the future; and (5) the record did not contain sufficient evidence to warrant an award for commercial damages. For reasons set out below, we agree that service was invalid. Accordingly, we reverse and remand.

## I.    BACKGROUND

On August 26, 2022, appellee filed suit against appellant, alleging a negligence cause of action after he broke his dental crown when he bit down on roasted almonds purchased at a Buc-ee's convenience store in Bastrop County. The petition identified Buc-ee's as the defendant, "a domestic corporation in the state of Texas [which] may be served through its attorney of record, H. Tracy Johnson, III, at 11200 Broadway, Suite 2332, Pearland, Texas 77584."

Citation was issued via certified mail to "BUC-EE'S LTD., ATTORNEY OF RECORD: H. TRACY JOHNSON III" at 11200 Broadway, Suite 2332, Pearland, Texas on September 2, 2022. The signed civil processor's return filed with the Hidalgo County Clerk on October 12, 2022, contained the following notation: "green return card was never returned."

Nearly two months later, appellee moved for entry of default judgment. On January 26, 2023, the trial court signed an order granting default judgment and awarding appellee $70,000 plus post-judgment interest and attorney's fees. On February 27, 2023, appellant filed this restricted appeal. *See* TEX. R. APP. P. 30.

2

## II. RESTRICTED APPEAL

A restricted appeal is a direct attack on the trial court's judgment. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272–73 (Tex. 2012). To prevail on a restricted appeal, an appellant must demonstrate:

> (1) he filed notice of the restricted appeal within six months after the judgment was signed;
>
> (2) he was a party to the underlying lawsuit;
>
> (3) he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and
>
> (4) error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)); *see* TEX. R. APP. P. 30. "For these purposes, the 'face of the record' consists of all the papers that were before the trial court at the time it rendered judgment." *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). "The requirement that error be apparent on the face of the record means that 'error that is merely inferred [from the record] will not suffice.'" *Id.* (quoting *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam) (alteration in original)).

There is no dispute that appellant established the first three elements. *See id.* Thus, the only remaining issue is whether appellant has demonstrated that any of the complained-of errors are apparent from the face of the record. *See* TEX. R. APP. P. 30; *Eguia v. Eguia*, 367 S.W.3d 455, 459 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.).

### III.     SERVICE

Appellant first argues appellee failed to comply with service requirements, and such error is apparent from the record.

"There are no presumptions in favor of valid issuance, service, and return of citation in the face of a [direct] attack on a default judgment." *WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021) (per curiam) (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)). If the record does not show strict compliance with the rules governing citation and return of service, then service is invalid and in personam jurisdiction cannot be established. *See Guardianship of Fairley*, 650 S.W.3d 372, 380 (Tex. 2022) ("[T]he plaintiff must validly invoke that jurisdiction by valid service of process on the defendant."). Even actual notice to a defendant is insufficient to convey jurisdiction on the trial court and will not cure defective service. *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)); *see Pro-Fire & Sprinkler, L.L.C. v. The Law Co., Inc.*, 661 S.W.3d 156, 162 (Tex. App.—Dallas 2021, no pet.) ("The Supreme Court of Texas has reiterated that it construes strict compliance to mean just that.") (cleaned up); *see also Inv. Ideas, Inc. v. Ellekay, LLC*, No. 13-10-208-CV, 2010 WL 4657953, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 18, 2010, no pet.) (mem. op.) ("Virtually any deviation from the statutory requisites for service of process will destroy a default judgment."). Whether service strictly complies is a question of law we review de novo. *Turbo Rests., LLC v. Reid's Refrigeration Inc.*, 657 S.W.3d 490, 495 (Tex. App.—El Paso 2022, no pet.).

"[S]ervice on a limited partnership may be made on its general partner or registered

4

agent." *Miraki*, 624 S.W.3d at 799 (citing TEX. BUS. ORGS. CODE ANN. §§ 5.201(b)(1), 5.255(2)). "Service on a limited partnership, unlike a corporation, is not authorized to be made through an officer." *Id.* at 800 (citing TEX. BUS. ORGS. CODE ANN. § 5.255(1)–(2)). Moreover, return of service rules require that "[w]hen the citation was served by registered or certified mail, . . . the return by the officer or authorized person must also contain the return receipt with the addressee's signature." TEX. R. CIV. P. 107(c); *Sw. Sec. Servs., Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005, no pet.). Rule 107 requires a showing of the connection between the person signing for the process and the actual addressee. *See Asset Prot. & Sec. Servs., L.P. v. Armijo*, 570 S.W.3d 377, 383 (Tex. App.—El Paso 2019, no pet.); *see also Alamo Home Fin., Inc. v. Duran*, No. 13-14-00462-CV, 2015 WL 4381091, at *5 (Tex. App.—Corpus Christi–Edinburg July 16, 2015, no pet.) (mem op.).

Here, the face of the record shows that appellee filed suit against "Buc-ee's Ltd.," and the return of service states that "ATTORNEY OF RECORD: H. TRACY JOHNSON III"[1] was served via certified mail. However, the civil processor's return does not indicate Johnson's capacity to receive service on behalf of appellant—that is, whether Johnson was an authorized agent of the addressee for service of process—or that Johnson was, in fact, the recipient of the mailed service. This alone renders service defective. *See Turbo Rests.*, 657 S.W.3d at 498–501 (finding that service was invalid where it was not possible

---

[1] On appeal, appellant notes that its registered agent listed as the agent for service of process with the Texas Secretary of State is CT Corporation; "the individual identified as the attorney of record [in appellee's service return] is a fictitious person, as there is no attorney who has represented [a]ppellant named H. Tracy Johnson, III"; and "[a] search of the Texas State Bar website names only one individual" by that name licensed to practice in the State, and he is located in Dallas—not Pearland.

5

to determine from the record whether the individual who accepted service was authorized to do so on behalf of the company); *Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied) (concluding that a return that did not indicate the capacity of the person served or explain that person's authority to receive service as a registered agent rendered service invalid); *see also Paving & Seal Pro v. McConnell Cars & RV, LLC*, No. 04-16-00518-CV, 2017 WL 2350973, at *2 (Tex. App.—San Antonio May 31, 2017, no pet.) (mem. op.) (same); *MYRMAC Corp. v. P.H.*, No. 02-16-00319-CV, 2017 WL 1173841, at *2 (Tex. App.—Fort Worth Mar. 30, 2017, no pet.) (mem. op.) (same).

Moreover, a return receipt, i.e., "green card" does not appear in the record, and a postal tracking document attached to appellee's motion for default judgment indicates only that an "item was delivered to the front desk, reception area, or mail room at 2:39 pm on September 2, 2022[,] in PEARLAND, TX 77584"—making no mention of precisely who the individual recipient was and containing no recipient signature. In other words, on its face, the record shows that the return receipt was not signed by the intended addressee or by a registered agent. *Cf.* TEX. R. CIV. P. 107(c); *see Gamboa*, 172 S.W.3d at 92 (concluding that service of process by certified mail was defective where the return receipt was not signed by the addressee); *see also HWAT, Inc. v. Agnew*, No. 02-20-00301-CV, 2021 WL 1229960, at *4 (Tex. App.—Fort Worth Apr. 1, 2021, no pet.) (mem. op.) ("A green card's failure to connect the person signing the green card with the entity being served makes service defective on its face."); *Ny-Mac Enters., Inc. v. Orr*, No. 06-18-00005-CV, 2018 WL 2436350, at *2 (Tex. App.—Texarkana May 31, 2018, no pet.) (mem.

6

op.) (concluding that service was defective where "both the 'Agent' and 'Addressee' boxes were left unchecked on the green card, [and] the record does not indicate [the service recipient's] connection, if any, with InCorp Services, Inc."); *Duran*, 2015 WL 4381091, at *5 ("In addition, the return of receipt is signed, illegibly, by a Veronica Cordell. Both the 'agent' and 'addressee' boxes are left unchecked. Nowhere in the record is there any indication as to what connection Cordell has to Alamo. The record, on its face, shows that the return was not signed by the addressee or agent.").

We conclude the face of the record fails to show strict compliance with the rules governing return of service. *See* TEX. BUS. ORGS. CODE ANN. §§ 5.201(b)(1), 5.255(2); TEX. R. CIV. P. 107(c). Thus, the trial court lacked jurisdiction to render a default judgment against appellant. *See Guardianship of Fairley*, 650 S.W.3d at 380. We sustain appellant's first issue, and our resolution of this issue makes it unnecessary to address appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

### IV. CONCLUSION

We reverse the trial court's order granting default judgment and remand the cause to the trial court for further proceedings.

CLARISSA SILVA
Justice

Delivered and filed on the
27th day of July, 2023.

7